IN RE BROWN.

(No. C-880404—Decided December 20, 1989.)

*Arthur M. Ney, Jr.,* prosecuting attorney, and *David Sellers,* for appellee Hamilton County Department of Human Services.

*G. David Yaros,* for appellant Anita Brown.

*Per Curiam.* Anita Brown ("Brown"), the natural mother of the child at issue, Angelo Brown, appeals from the judgment of the juvenile court awarding permanent custody of Angelo to the appellee, the Hamilton County Department of Human Services ("Department").

Angelo was born on November 29, 1984. Brown's four other children had previously been placed with relatives. When the Department learned of Angelo's birth, a case worker was appointed.

On January 4, 1985, Brown, whose history of psychiatric placement dates to 1981, was admitted to Rollman's Psychiatric Institute ("Rollman's"). Angelo was left in the care of his maternal grandmother, Flossie Brown ("grandmother"), who, after one week, contacted the Department and requested that it arrange for temporary placement of the child. The Department thereupon filed a petition in dependency requesting temporary custody of Angelo.

Brown left Rollman's on January 12, 1985, against medical advice. Thereafter, the Department amended its petition in dependency to request permanent custody of Angelo and further obtained an emergency order placing Angelo in the Department's temporary custody pending disposition of its petition. The grandmother moved to intervene in the custody proceedings and petitioned for Angelo's custody. The juvenile court granted the grandmother's motion to intervene and set her custody petition for disposition in conjunction with the Department's petition.

On the strength of findings made by a referee, it was recommended that the grandmother's petition for custody be denied, and that Angelo be adjudicated a "dependent child" as defined by R.C. 2151.04 and committed to the permanent custody of the Department pursuant to R.C. 2151.353

(A)(4). The juvenile court adopted the report of the referee and entered judgment accordingly. From that judgment Brown appealed to this court and we reversed, holding that the adjudicatory and dispositional phases of the custody proceedings were flawed by the referee's failure to afford Brown psychiatric expertise to counter the Department's allegations of Brown's mental illness. *In re Brown* (Nov. 26, 1986), Hamilton App. No. C-850878, unreported.

On remand, a new hearing commenced before a different referee, whose report recommended that the Department receive permanent custody. The juvenile court adopted the report and granted permanent custody of Angelo to the Department. Brown then initiated the instant appeal, advancing the following five allegations of error for our review:

"The trial court erred to the prejudice of respondent/appellant when it adjudicated the child to be dependent.

"The trial court erred to the prejudice of respondent/appellant when it failed to create a usable record of the trial court proceedings.

"The trial court erred to the prejudice of respondent/appellant when it allowed testimony on disposition of respondent's conduct some five (5) years earlier.

"The trial court erred to the prejudice of respondent/appellant when it determined permanent commitment was in the best interest of the child.

"The trial court erred to the prejudice of respondent/appellant when it committed other errors which have not been specifically assigned."

Brown's first assignment of error questions whether Angelo was adequately shown to be a "dependent child," which, pursuant to R.C. 2151.04(B), includes any child "[w]ho lacks proper care or support by reason of the mental or physical condition of his parents * * *." In proving that a

child is dependent in that he or she lacks proper care because of the mental condition of a parent, evidence must be adduced to demonstrate not only that the parent had a mental incapacity, but also that the child lacked "proper care" because of the mental incapacity. See *In re Brown* (Nov. 12, 1985), Stark App. No. CA-6663, unreported; *In re Larry & Scott H.* (1963), 24 O.O. 2d 334, 192 N.E. 2d 683. The fact of dependency must be proved by clear and convincing evidence. *In re Bibb* (1980), 70 Ohio App. 2d 117, 24 O.O. 3d 159, 435 N.E. 2d 96.

Brown's contention that at the time of the adjudicatory hearing she was capable of providing for Angelo is refuted by the record. The testimony of two psychiatrists was adduced during the adjudicatory proceeding. Dr. Collosingham, Brown's "examining" psychiatrist from July 20, 1987, to the date of the proceedings, and Dr. Geeraerts, Brown's "treating" psychiatrist from January 1987 to April 1, 1987, both emphasized the importance of Brown's medication in stabilizing her condition, diagnosed as chronic schizophrenia. Both doctors, as well as several social workers involved in Brown's treatment, testified that Brown had a history of noncompliance in taking the prescribed medication, and Brown admitted that she "had a problem" when it came to taking the medication. The psychiatrists testified that Brown had "poor insight" into her condition. Dr. Geeraerts explained that poor insight was symptomatic of chronic schizophrenia and indicated that it had, and could continue to have, a detrimental effect on Brown's "guarded" prognosis by making her less inclined to take medication. Dr. Collosingham stated that, in his opinion, Brown's most recent hospitalizations resulted from her noncompliance with the regimen for taking the medication.

The record also indicates that when Department social worker Dana Angelo visited Brown and Angelo shortly after Angelo's birth, Brown had no knowledge about how to feed Angelo and was herself sucking on the baby's pacifier. Finally, the record reveals that within two months of Angelo's birth, Brown began a long series of hospitalizations at Rollman's and was ultimately transferred to the Lewis Center, where she remained as a patient from April 1987 to the time of the dependency proceedings here at issue.

In short, the evidence reveals that Brown was either unable or unavailable to provide any care for Angelo, and that she failed to regularly take the medication prescribed for her schizophrenic condition. Accordingly, we conclude that clear and convincing evidence was presented below to establish Brown's mental illness and to show that her condition interfered with her ability to provide proper care and support for Angelo. See R.C. 2151.04(B) and 2151.05. The trial court did not err in adjudicating Angelo dependent. The first assignment of error is overruled.

The second assignment of error claims that Brown was prejudiced by the trial court's failure to create and provide an accurate record of the lower court proceedings. Brown contends that the transcript is plagued with an estimated number of eight hundred eighty-five "inaudibles." Brown argues that some of these "inaudibles" occurred at critical points in the proceedings, such as during the testimony of her expert witness, Dr. Cooper, and thereby "diminish[ed] [her] right to prosecute her appeal of right." We find Brown's position untenable, as our review of the transcript of the proceedings below reveals that the reader's ability to comprehend the content of the witnesses' testimony has not been unduly impaired by the

"inaudibles." Accordingly, Brown has not been prejudiced, and the second assignment of error is overruled.

The third assignment of error contends that the trial court erred by allowing testimony from former Department social worker Ina Glaser concerning Brown's compliance with a 1982 reunification plan implemented for Brown and the four children she had at the time. Brown contends that Glaser's testimony "is irrelevant and prejudicial [since] it fails to address the current circumstances of [Brown] and [Angelo]." This position is untenable, as we find that Brown's past parenting history and her ability to comply with prior reunification plans regarding her other children were relevant considerations in the juvenile court's dispositional determination to commit Angelo to the permanent custody of the Department pursuant to R.C. 2151.353 and 2151.414. See *In re Wise Children* (Apr. 18, 1988), Stark App. No. CA-7379, unreported; Evid R. 401. The third assignment of error is accordingly overruled.

The fourth assignment of error alleges that the trial court erred in granting the Department's permanent-custody motion since a suitable relative (the maternal grandmother, Flossie Brown) existed who could have provided appropriate care for Angelo. This contention is meritless.

The record indicates, as noted *supra,* that in early 1985, the grandmother moved to intervene in the custody proceedings and petitioned for custody of Angelo. The grandmother's custody petition was denied by the juvenile court, and she failed to appeal that denial to this court. In *In re Brown, supra,* we sustained several of Brown's assignments of error regarding the juvenile court's original granting of the Department's permanent-custody motion and remanded the matter for further proceedings. Our decision, however, noted that the portion of the juvenile court's judgment denying the grandmother's custody petition would remain undisturbed upon remand. Specifically, we stated:

"Brown's appeal was taken from that portion of the judgment below granting permanent custody of Angelo to the Department. Accordingly, our disposition herein does not affect the portion of the judgment denying the grandmother's petition for custody."[1]

Thus, the grandmother's ability to obtain custody of Angelo has already been determined in this matter. Further consideration of the issue is unwarranted. The fourth assignment of error is overruled.

The fifth assignment of error is improper and will not be considered under the authority of App. R. 12(A), which states in pertinent part that errors not specifically pointed out in the record and separately argued by brief may be disregarded.

The judgment of the juvenile court is affirmed.

*Judgment affirmed.*

DOAN, P.J., HILDEBRANDT and UTZ, JJ., concur.

---

[1] *In re Brown, supra,* at 23, fn. 1.