OPINION.
{¶ 1} Appellant Tauheedah Allah (formerly known as Sheena Jordan) appeals from the judgment of the Hamilton County Juvenile Court denying her motion to modify a prior dispositional order awarding custody of her dependent daughter, Shaheda Allah, to appellee Gloria Jordan, Shaheda's great aunt. In her single assignment of error, Allah contends that the juvenile court erred in failing to first determine whether she was an unfit parent before concluding that it was in Shaheda's best interests to remain with Jordan. Because there is no requirement that the court first determine that a parent is unfit before ruling on her motion to modify custody for a child who has already been adjudicated dependent, we affirm the juvenile court's judgment.
 The Dependency Determination {¶ 2} Following a June 2001 hearing, at which the then eighteen-year-old Allah was represented by appointed counsel, a juvenile court magistrate found by clear and convincing evidence that Shaheda was a dependent child. At Allah's request, her counsel was permitted to withdraw. See Juv.R. 4(F). Allah did not file objections to the magistrate's decision. Shaheda's father filed an objection on the grounds that the magistrate's decision was an unconstitutional infringement of his free exercise of religion. The juvenile court overruled the objection, adopted the magistrate's decision that Shaheda was a dependent child, and set the matter for a dispositional hearing pursuant to R.C.2151.353(A). At the conclusion of the dispositional hearing, at which Allah appeared pro se and arrived one hour late, the magistrate found it in Shaheda's best interests to award legal custody to Jordan.
 {¶ 3} The juvenile court adopted the decision. Allah did not appeal from the dependency adjudication or the dispositional order. An adjudication by a juvenile court that a child is dependent followed by a dispositional order awarding custody is a final order and is appealable to a court of appeals pursuant to R.C. 2501.02. See In re Murray (1990),52 Ohio St.3d 155, 556 N.E.2d 1169, syllabus; see, also, In re Harris,
1st Dist. No. C-020512, 2003-Ohio-672, at ¶ 7.
 The Motion to Modify Custody {¶ 4} On May 21, 2002, Allah filed a petition for custody pursuant to R.C. 2151.23(A)(2). The magistrate held three separate hearings on Allah's petition to regain custody of Shaheda. At the magistrate's order, an employee of the Hamilton County Jobs and Family Services (HCJFS) prepared a home study. The study revealed that Allah was living in a one-room apartment with her second child, an infant. She was unemployed and received cash assistance, though she had missed several appointments necessary to receive continuing assistance. She had failed to attend some parenting education classes, had refused to cooperate with HCJFS efforts to document her progress, and had refused domestic-violence and mental-health counseling. However, Allah had recently begun progress towards a GED certificate. HCJFS recommended that Shaheda remain in the custody of Jordan. Working with her appointed counsel, Allah tried to explain her actions. She admitted visiting Shaheda on an infrequent basis. After she failed to appear at the last hearing, the magistrate denied the modification of custody, finding it in the best interests of Shaheda to remain in Jordan's custody.
 {¶ 5} Allah filed an objection to the magistrate's decision, claiming that the findings were against the weight of the evidence and that the magistrate had failed to make a finding of parental unsuitability before reaching the custody issue. The juvenile count overruled her objection, and this appeal ensued.
 No Requirement for a Finding of Unsuitability {¶ 6} As the juvenile court magistrate correctly recognized, the gravamen of Allah's petition sought to modify the current disposition of Shaheda, who had already been adjudicated as a dependent child and had been placed in the custody of an adult relative.
 {¶ 7} R.C. 2151.353 governs the modification of an order of disposition. Those proceedings, filed pursuant to R.C. 2151.23(A)(2), which do require a finding of parental unsuitability, apply only to private custody actions between presumptively fit parents and non-parents. See In re D.R., 153 Ohio App.3d 156, 2003-Ohio-2852,792 N.E.2d 203, at ¶ 10; see, also, In re Perales (1977),52 Ohio St.2d 89, 369 N.E.2d 1047, syllabus. Cf. In re Hockstock,98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, syllabus (holding that an unsuitability finding is also required in parentage actions between a parent and a non-parent).
 {¶ 8} When a parent files a petition for custody, which is in reality a motion to modify a prior order of custody granted at a dispositional hearing, there is no requirement that the juvenile court first determine that the parent is unfit, as the court has already determined that the child is abused, dependent, or neglected. See In re D.R., supra at ¶ 11.
 {¶ 9} When a court is asked to modify an order of disposition, it proceeds as if it were making an original disposition. See R.C.2151.353(E)(2) and 2151.417(B). The juvenile court has broad discretion in the disposition of a dependent child. See R.C. 2151.353(A); Juv.R. 29(D). Under R.C. 2151.353(A)(3), the court may "[a]ward legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child."
 {¶ 10} Pursuant to R.C. 2151.353 and 2151.414, when a court chooses among the dispositional options, the best interest of the child is the primary consideration. See In re Pryor (1993), 86 Ohio App.3d 327,620 N.E.2d 973; see, also, R.C. 2151.01(A); In re Brown (1989),60 Ohio App.3d 136, 573 N.E.2d 1217; In re Harris at ¶ 16; In reBarnosky, 4th Dist. No. 03CA32, 2004-Ohio-1127, at ¶ 30. The burden remains on the party seeking modification of custody. See In re D.R., supra at ¶ 11.
 {¶ 11} A juvenile court's decision denying modification will not be reversed on appeal where, as here, the court correctly applied the best-interests test, and where its custody decision was amply supported by competent evidence in the record. See In re Harris, supra at ¶ 16; see, also, Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9, 614 N.E.2d 742.
 {¶ 12} The assignment of error is overruled and the judgment of the juvenile court is affirmed.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.