[Cite as *In re M.R.J.*, 2019-Ohio-1616.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: M.R.J., K.W., AND S.W.      :      APPEAL NO. C-190012
                                         TRIAL NO. F-16-936-X

                                                   :          *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Opinion on Appeal:  May 1, 2019

*Phyllis Schiff,* for Appellant Mother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Jonathan Halvonik*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, Guardian ad Litem for M.R.J., K.W. and S.W.,

*James Costin, In re Williams* Attorney for M.R.J., K.W. and S.W.

**CROUSE, Judge.**

{¶1}   Mother appeals the Hamilton County Juvenile Court's judgment granting permanent custody of her three children to the Hamilton County Department of Job and Family Services ("HCJFS").  In her sole assignment of error, mother argues that the juvenile court's decision was not supported by the record.  Specifically, mother challenges the juvenile court's determination that she failed to remedy the conditions that had brought the children into HCJFS's custody.  For the reasons set forth below, we affirm.

### I.  Standard of Review

{¶2}   A trial court's determination to award permanent custody must be supported by clear and convincing evidence.  *In re W.W.,* 1st Dist. Hamilton No. C-110363, 2011-Ohio-4912, ¶ 46.  Clear and convincing evidence is evidence sufficient to "produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.  In the context of a motion for permanent custody under R.C. 2151.413, a juvenile court's decision will not be reversed on appeal where the court "correctly applied the best-interests test and where its custody decision was amply supported by competent, credible evidence in the record."  *In re Allah*, 1st Dist. Hamilton No. C-040239, 2005-Ohio-1182, ¶ 11.

### II.  Motion for Permanent Custody

{¶3}   R.C. 2151.414 governs the findings the juvenile court must make before granting permanent custody of a child to a children services agency.  Under R.C. 2151.414(B), the juvenile court may grant a motion for permanent custody if the court determines, by clear and convincing evidence, that permanent custody is in the

best interest of the child and that one of the five conditions set forth in R.C. 2151.414(B)(1) applies. The R.C. 2151.414(B)(1) conditions include:

(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

(b) The child is abandoned.

(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period * * *.

(e) The child or another child in the custody of the parent or parents from whose custody the child has been removed has been adjudicated an abused, neglected, or dependent child on three separate occasions by any court in this state or another state.

### 1. R.C. 2151.414(B)(1) Conditions

{¶4} Under R.C. 2151.414(B)(1), a child is considered to have entered temporary custody of an agency "on the earlier of the date the child is adjudicated pursuant to [R.C. 2151.28] or the date that is sixty days after the removal of the child from home."

{¶5} While neither the juvenile court nor the magistrate cited R.C. 2151.414(B)(1)(d), they both found that the children had been in HCJFS custody for 12 or more months of a consecutive 22-month period.

{¶6} The children were removed from mother's home and placed in the interim custody of HCJFS on April 13, 2016. Pursuant to R.C. 2151.414(B)(1), the children are considered to have entered temporary custody 60 days thereafter, on June 13, 2016. HCJFS moved for permanent custody on March 19, 2018, over 21 months after the children entered temporary custody. This finding is undisputed. Therefore, the record clearly and convincingly supports a finding under R.C. 2151.414(B)(1)(d).

{¶7} Because the juvenile court found that one of the five conditions in R.C. 2151.414 (B)(1) applies, the court was only required to determine whether an award of permanent custody is in the best interest of the children before ruling on the motion. Nevertheless, the juvenile court went on to find that clear and convincing evidence established that the children cannot be placed with either parent within a reasonable period of time and should not be placed with either parent. The court was not required to make these findings.

{¶8} In this appeal, mother's only issue presented for review and argument concerns one of the factors the juvenile court relied on to make findings that it was not required to make.

{¶9} Only division (B)(1)(a) of R.C. 2151.414 requires the court to consider whether the children cannot be placed with either parent within a reasonable period of time or should not be placed with their parents. In order to make that determination, the court must find that at least one of the factors listed in R.C. 2151.414(E) exists. In this case, mother challenges only the juvenile court's

4

determination under R.C. 2151.414(E)(1) that she failed to substantially remedy the conditions that brought the children into HCJFS's custody.

{¶10} However, the juvenile court was not required to consider any of the division (E) factors because division (B)(1)(a) does not apply in this case. The undisputed evidence shows that the children had been in HCJFS's custody for 12 or more months of a consecutive 22-month period. Therefore, division (B)(1)(a) cannot possibly apply because it requires that the children **had not** been in temporary custody for 12 or more months of a consecutive 22-month period.

{¶11} Because the juvenile court's finding that one of the five conditions set forth in R.C. 2151.414(B)(1) was amply supported by the record, we must next determine whether the court correctly applied the best-interest test.

2. Best Interest

{¶12} The juvenile court also determined that it is in the children's best interest to be placed in the permanent custody of HCJFS. In determining the best interest of the child, the juvenile court must consider all relevant factors, including, but not limited to, those expressly set forth in R.C. 2151.414(D)(1).

{¶13} The magistrate considered the interrelationship of the children with their foster parents, the custodial history of the children, the need for a legally secure placement, and mother's abandonment of the children. *See* R.C. 2151.414(D)(1)(a), (c), (d) and (e). The record supports all of these findings by clear and convincing evidence.

{¶14} The children entered the interim custody of HCJFS after mother was incarcerated for possession of heroin and child endangering. S.W. was subsequently placed in therapy, where she reported she was a victim of sexual abuse and physical

5

abuse from mother's then-boyfriend. She also reported witnessing domestic violence in the home. S.W. was subsequently diagnosed with post-traumatic stress disorder.

{¶15} Therapy changed S.W.'s behavior and she is now bonded to her foster parents. K.W. and M.R.J., who are placed together in foster care, are likewise comfortable in their foster home. Both sets of foster parents desire to adopt the children, and the children wish to remain in their foster homes. Although K.W. and M.R.J. do not want mother's parental rights to be terminated, none of the children want to return home to her.

{¶16} Upon her release from incarceration, mother participated in a diagnostic assessment that recommended family therapy "should her daughter's ongoing providers recommend it." Family therapy was recommended. The record is clear that mother was unable to begin family therapy because she was not participating in supervised visitation. From January 2018 to March 2018, mother attended only six of 12 available visits. After March 2018, mother failed to attend three visits, and Family Nurturing Center removed supervised visitation. In August 2018, HCJFS again referred mother to supervised visitation, but mother did not attend. As of the date of the full hearing, mother had not seen her children for seven months.

{¶17} Evidence as to mother's interactions with her children during the visits is inconsistent. Visitation facilitator Christopher Deering testified that mother spent quality time with her children when she attended visits. For example, mother appropriately redirected the children, engaged in conversations with them, and brought them food and gifts. However, Deering also indicated considerable animosity between K.W. and mother. For example, a February 2018 visit was

terminated early because mother was "berating" K.W. in front of the other children. Deering related that mother's actions bordered on verbal abuse.

{¶18} Based on the foregoing, the record contains ample competent and credible evidence to support the juvenile court's grant of permanent custody to HCJFS. Therefore, we overrule mother's sole assignment of error and affirm the juvenile court's judgment.

Judgment affirmed.

**MYERS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.