IN RE BURRELL ET AL., ALLEGED DEPENDENT MINORS.

(No. 78-1036—Decided April 25, 1979.)

38

*Mr. Charles K. Milless,* for appellant Mary McDaniel.

*Ms. Brenda Feder,* for appellants Carla and Tina Burrell.

*Mr. George C. Smith,* prosecuting attorney, *Ms. Debi S. Everson* and *Mr. Patrick D. Maguire,* for appellee Franklin County Children Services Board.

*Per Curiam.* The issue here presented fundamentally involves the application of R. C. 2151.04, which reads as follows:

"As used in sections 2151.01 to 2151.54, inclusive, of the Revised Code, 'dependent child' includes any child:

"* * * *

" (C) Whose condition or environment is such to warrant the state, in the interests of the child, in assuming his guardianship."

Generally, the evidence before the trial court showed no possible conditions or environmental elements adverse to the normal development of these children other than that the mother was living with a man not her husband. There was no evidence at all as to any impact of this re-

lationship upon the younger child. As to the older child, there was some evidence that she was defensive when criticized and somewhat defiant and disturbed by the conduct of the mother's previous husband, but there was nothing to show any nexus between the child's reactions and the environmental situation described in the complaint.

In the absence of evidence showing a detrimental impact upon the child of the relationship established as here existing, that relationship, as a part of the child's environment, does not warrant the state in removing the child from parental custody in the best interest of that child. Here, the evidence is inadequate to establish a present or potential detrimental impact under the standard set forth in R. C. 2151.35 of "clear and convincing evidence" that the child is a dependent child. The conduct of a parent is relevant under the terms of this specific section solely insofar as that parent's conduct forms a part of the environment of this child. As a part of the child's environment such conduct is only significant if it can be demonstrated to have an adverse impact upon the child sufficiently to warrant state intervention. That impact cannot be simply inferred in general, but must be specifically demonstrated in a clear and convincing manner. Here, such was not the case.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, COLE, P. BROWN SWEENEY, POTTER and WHITESIDE, JJ., concur.

COLE, J., of the Third Appellate District, sitting for W. BROWN, J.

POTTER, J., of the Sixth Appellate District, sitting for LOCHER, J.

WHITESIDE, J., of the Tenth Appellate District, sitting for HOLMES, J.