OPINION
Appellant, Susan Weaver, appeals from the judgment of the Juvenile Court of Belmont County which adopted the magistrate's recommendation adjudging her children, Christopher and Justin Biery, dependent.
In June of 1998, appellant contacted appellee, the Belmont County Department of Human Services, Children Services (hereinafter referred to as the agency), to get help with Christopher who was having behavioral problems. The agency developed a case plan for appellant and her family. By November, Christopher's behavior had not improved so appellant signed a voluntary surrender of Christopher for therapeutic foster care.
On December 3, 1998, after a visit to appellant's home to collect clothing for Christopher, the agency took emergency custody of Justin. The agency filed a complaint alleging that Justin was dependent as defined by R.C. 2151.04(C) based on the facts that Justin did not feel safe at home and he felt that the safest place was on the roof where he could talk to God, he stated that he wanted to leave home, and he said that he wanted to die. The agency subsequently filed a complaint alleging that Christopher also was a dependent child.
On March 3, 1999, an emergency shelter care hearing was held for both children. The magistrate recommended that emergency shelter care was appropriate and the court adopted the recommendation. The court also appointed a guardian ad litem for the children. On April 30, 1999, an adjudicatory hearing was held. The magistrate found that both children were dependent. On May 14, 1999, appellant filed objections to the magistrate's finding.
A dispositional hearing was held on May 26, 1999 where the magistrate ordered that the children's father, Michael Biery, be granted custody of the children. No objections having been filed to this recommendation, the trial court approved the magistrate's decision. On July 19, 1999, the trial court overruled appellant's objections to the April 30, 1999 recommendation and adopted the magistrate's recommendation that the children were dependent. Appellant filed her notice of appeal on August 5, 1999.
Appellant alleges two assignments of error, the first of which states:
 "THE JUVENILE COURT ERRED IN ADJUDICATING THE CHILDREN IN QUESTION DEPENDENT, IN THAT SUFFICIENT CREDIBLE EVIDENCE PROVING CLEARLY AND CONVINCINGLY THAT THE CHILDREN WERE DEPENDENT WAS NOT PRESENTED."
Appellant argues that appellee did not satisfy the two requirements set out in R.C. 2151.04(D) to prove her children were dependent.
Appellant further argues that appellee's witnesses did not testify that the children were dependent as defined by R.C. 2151.04 nor did they testify as to whether the children should be returned to appellant.
Appellant incorrectly states that appellee had to prove the two elements of R.C. 2151.04(D). The children were adjudicated dependent according to R.C. 2151.04(C) which defines a dependent child as one, "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."
Dependency must be proven by clear and convincing evidence. R.C.2151.35(A). Clear and convincing evidence is, "that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Juvenile courts are vested with broad discretion and their decisions will not be reversed absent an abuse of discretion. In rePieper Children (1993), 85 Ohio App.3d 318, 330.
In determining whether a child is dependent, the focus should be on the child's condition and environment and not on the conduct of the parent.In re Pitts (1987), 38 Ohio App.3d 1, 3. However the court may consider the conduct of the parent insofar as it forms part of the child's environment. In re Burrell (1979), 58 Ohio St.2d 37, 39. The parent's conduct, as part of the child's environment, is significant if it can be demonstrated to have an adverse impact on the child sufficient to warrant state intervention. Id.
Appellee's first witness was Shelly Bruner, appellant's counselor. She testified that appellant had issues with her current husband's anger and use of internet pornography but that there was no physical violence in their relationship. She testified that appellant's situation with her husband made it difficult for her to parent the children.
Appellee's second witness was Melissa Huff, Christopher's counselor. She testified that his diagnosis was parent-child relational and that his treatment predominantly involved anger management. She testified that some of his anger came from being bullied at school, his siblings, and his step-father. She also testified that Christopher was afraid of his step-father when he got angry. She said that she terminated Christopher's individual sessions because he had accomplished his goals in counseling but that she recommended family counseling. She stated that she did not have an opinion as to who Christopher should live with. She also testified that Christopher did not want to choose who to live with, however he did not want to remain in foster care anymore.
Appellee's third witness was Caroline Dumais Finol, Justin's counselor. She testified that Justin had several problems including being picked on by his brothers, prior molestation by a neighbor, and emotional abuse by his step-father. She stated that Justin was depressed and talked about wanting to die and wanting to hurt himself. She testified that Justin was afraid of his step-father because he broke his toys and verbally abused him. She stated that Justin's step-father had locked him in the bathroom. She also testified that Justin told her that his step-father kicks the dog when he gets angry. She further testified that Justin did not feel safe at home and that he sometimes went on the roof to hide. She stated that Justin felt that his mother would not protect him from his step-father.
Appellee's final witness was Ruth Ellen Carpenter, the caseworker for the Bierys. She testified that the day she went to pick up clothes for Christopher she found Justin on the roof and that he later wrote her a note that said that he wanted to die and go to heaven. She stated that she spent many hours talking to appellant and that appellant had difficulty focusing on the children because she had so many difficulties with her husband. Carpenter also testified that visitation with appellant had recently been decreased because problems had arisen with the children while visiting with her. While at appellant's home, Christopher had a problem with some boys at school. While Christopher was on the phone with his foster parent, appellant's husband was yelling that the foster parent should come and get Christopher and took a box of his clothes to the car. Justin exhibited more stress and had problems at school while staying with appellant, including not doing his homework. Also, Justin has a skin condition which greatly improved before he began overnight visitations with appellant. As a result of these incidents, the agency reduced visitation with appellant. Carpenter further stated that the children had been excelling in foster care.
Appellant called Roseann Falcone, the children's guardian ad litem to testify. She filed a report in which she recommended that the children be placed with their father until the therapists involved with the family recommend reunification with appellant. She based this recommendation on the understanding that the therapists were not recommending that the children return to appellant's home due to concerns about their step-father. She further testified that she would rethink her recommendation after she heard from the step-father's therapist about his problem with anger and that she was currently not standing by her recommendation.
Clear and convincing evidence exists in the record to support the court's determination that Christopher and Justin are dependent as defined by R.C. 2151.04(C). The children have behavioral and emotional problems. Both children have been emotionally and verbally abused while living in appellant's home. Also, evidence was introduced showing that appellant is not focused on parenting her children. Accordingly, appellant's first assignment of error lacks merit.
Appellant's second assignment of error states:
 "THE JUVENILE COURT ERRED IN ADJUDICATING THE CHILDREN IN QUESTION DEPENDENT WHEN IT FAILED TO FIND REASONABLE EFFORTS WERE MADE TO PREVENT THE CONTINUED REMOVAL OF CHILDREN FROM THEIR HOME AND BY FAILING TO MAKE WRITTEN FINDINGS OF FACT OF THESE REASONABLE EFFORTS."
Appellant argues that the magistrate and the trial court failed to issue written findings of fact on any reasonable efforts taken to prevent the removal of the children from their home. Also, appellant alleges that the agency failed to prove that it made reasonable efforts to prevent the children from being removed from their home.
At an adjudicatory hearing to determine if a child is dependent, the court shall determine whether the agency that filed the complaint has made reasonable efforts to prevent the removal of the child from his home or to make it possible for the child to return home safely. R.C.2151.419(A)(1). The burden of proof is on the agency to show that reasonable efforts were made. Id. The court shall issue written findings of fact setting forth the reasons supporting its determination. R.C.2151.419(B)(1). If the court makes a written determination under R.C.2151.419(A)(1), it shall briefly describe in the findings of fact the relevant services provided by the agency to the child's family and why those services did not prevent the removal of the child from his home or enable the child to return home safely. Id.
In the present case the court did not issue written findings of fact nor did it mention services the agency provided to appellant and the children. It also did not state reasons why the services did not prevent the removal of the children from their home. However, in the magistrate's adjudication decision of April 30, 1999, the court indicated that, "reasonable efforts have been made to prevent or eliminate the need for removal of said child from the child's own home."
Although the magistrate and trial court did not make express findings concerning the relevant services provided by the agency and why those services did not enable the children to return home, the ultimate issue is the reasonableness of the agency's efforts which may be determined by the record. In re Pieper Children, supra at 326. The Second Appellate District has held that the court's failure to make the "brief description" does not constitute reversible error. Matter of Combs (June 10, 1998), Miami App. No. 97-CA-60, unreported, 1998 WL 426548.
The transcript of the adjudicatory hearing sheds some light on the services the agency provided. Ruth Ellen Carpenter was appointed as the caseworker for appellant and her family when appellant called the agency for help. Carpenter first met with the family in the end of June and gave them a preventative in-home case plan. Towards the end of August matters with Christopher had not improved so the agency met with appellant and worked out a behavior plan. At appellant's request, the agency sent a counselor to appellant's home to talk with Christopher. By November Christopher was still behaving violently. The agency had a meeting with the family and suggested therapeutic foster care. Christopher and Justin both received counseling. Carpenter visited appellant's home on several occasions and talked to her for hours about her issues at home.
After the boys were in foster care the agency began supervised visitation with appellant which was increased to overnight visitation and then visitation for several consecutive days. The agency also provided the children with overnight visitation with their father. The agency subsequently reduced visitation time with appellant due to problems the boys were having while at appellant's home.
Based on the foregoing evidence on the record of the services provided by the agency and the magistrate's finding that the agency made reasonable efforts to prevent Christopher's and Justin's removal from the home or make it possible for them to return home, appellant's second assignment of error is without merit.
For the reasons stated above, the decision of the trial court adjudicating Christopher and Justin dependents is hereby affirmed.
 __________________ DONOFRIO, J.
Vukovich, J., concurs, Waite, J., concurs.