OPINION
{¶ 1} Jamie Hurst, appellant herein, appeals the judgment of the Seneca County Court of Common Pleas, Juvenile Division, adjudicating her children, Dylan Hurst and Makayla Hurst, "dependent" pursuant to R.C.2151.04(B) and (C).
 {¶ 2} The appellee, Seneca Department of Job and Family Services (hereinafter "SDJFS"), first became involved with Jamie Hurst in October 2002. SDJFS was initially concerned with appellant's supervision of her children. While providing services to the appellant, SDJFS observed that three-year-old Dylan had displayed several behavior problems. For example, Dylan was repeatedly defiant to his mother, he stated that he was going to kill appellant, he cursed at his mother while grabbing his genitals, he threw his two-year-old sister Makayla to the floor and would hit and kick her and would also lay on top of Makayla thrusting his body up and down while grunting.
 {¶ 3} As SDJFS's involvement progressed, additional concerns of domestic violence arose. In January 2003 SDJFS learned that appellant had been involved in two prior relationships in which there were incidents of domestic violence that the children had witnessed.
 {¶ 4} Soon thereafter, Appellant voluntarily agreed to participate in a case plan designed by SDJFS. The Family Preservation Unit of the SDJFS put a plan in place to assist appellant with her parenting skills, set goals to correct Dylan's behavioral problems, to find appellant employment and to teach appellant to maintain stable housing.
 {¶ 5} SDJFS continued to provide services to appellant for the next three months. During that time, case workers learned that appellant suffered from depression, and often failed to follow her course of treatment or take her medication. During the pendency of the case plan, case workers also learned that appellant had recently become involved with Mario Botello. SDJFS had previously provided services to Botello and was aware that he had, in the past, been involved in incidents of domestic violence which resulted in his own parental rights being involuntarily terminated.
 {¶ 6} SDJFS filed a complaint on March 11, 2003 alleging that appellant's children were "dependent" as defined by R.C. 2151.04 (B) and (C). An adjudicatory hearing was held March 26, 2003, whereby the trial court found by clear and convincing evidence that Dylan and Makayla Hurst were dependent.
 {¶ 7} It is from this decision that appellant appeals, alleging two assignments of error for our review.
ASSIGNMENT OF ERROR NO. I
The court erred by finding by clear and convincing evidence that the minor children were dependant [sic] as definded [sic] in ORC 2151.04(B).
 {¶ 8} At the outset we observe that decisions concerning child custody matters rest within the sound discretion of the trial court.Miller v. Miller (1988), 37 Ohio St.3d 71. This is especially true since the judge, acting as the trier of fact, is in the best position to observe witnesses, weigh evidence and evaluate testimony. In Re Brown
(1994), 98 Ohio App.3d 337. Therefore, a trial court's determination in a custody proceeding is subject to reversal only upon a showing of abuse of discretion. Miller, 37 Ohio St.3d at 74.
 {¶ 9} A finding of abuse or dependency must be supported by clear and convincing evidence. R.C. 2151.35. "Clear and convincing evidence is that which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." (Citation omitted.)In re Utz, Crawford App. No. 3-2000-06, 2000-Ohio-1710. As a reviewing court, we must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this degree of proof. In theMatter of Price (Mar. 13, 1997), Marion App. No. 9-96-43 and 9-96-47 quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 10} At the adjudicatory phase, the focus of a dependency allegation is on the child and her conditions and not on the faults of the parents. In re Gibson (Nov. 8, 1991), Auglaize App. No. 2-91-4, citing In re Burchfield (1988), 51 Ohio App.3d 148, 151. Thus, a finding of dependency must be based upon the question of whether the child is receiving proper care. Gibson, supra. When a child is receiving proper care from her parents, then the child is not a dependent child. In reUtz, Crawford App. No. 3-2000-06, 2000-Ohio-1710 (citation omitted).
 {¶ 11} R.C. 2151.04(B) provides that a "dependent child" means any child "who lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian."
 {¶ 12} In the present case, the trial court found that appellant had been diagnosed with depression and that she was to follow a treatment regimen that included medication. By failing to comply with this regimen, the trial court concluded, the children are subjected to a lack of sufficient parental care. The trial court found that the impact of appellant's mental condition on the children was reflected in that she had "repeatedly exhibited decisions that place her children in situations involving adult males where the children and mother are victims of domestic violence and/or verbal abuse." The court found that the presence of these men in the home was not healthy or safe for appellant or her children. Based on these findings, the court determined that under R.C.2151.04(B), Dylan and Makayla lacked adequate parental care by reason of their mother's mental condition.
 {¶ 13} A review of the record indicates that there was sufficient evidence for the trial court to find the clear and convincing burden of proof had been satisfied. The evidence shows that appellant's failure to follow the treatment plan for her depression affected her parenting skills. Therefore, we find there was sufficient evidence in the record to conclude that the children lacked adequate parental care by reason of the mental condition of their mother, pursuant to R.C. 2151.04(B).
 {¶ 14} Appellant's first assignment of error is, therefore, overruled.
ASSIGNMENT OF ERROR NO. II
The court erred by finding by clear and convincing evidence that the minor children were dependant [sic] as definded [sic] in ORC 2151.04(C).
 {¶ 15} We reiterate that the focus of a dependency allegation is on the condition of the child and not on the faults of the parents.Gibson, supra. However, the conduct of a parent is relevant insofar as it forms a part of the children's environment. In re Burrell (1979),58 Ohio St.2d 37, 39. The parent's conduct is significant if it is demonstrated to have an adverse impact upon the child. Id.
 {¶ 16} R.C. 2151.04(C) defines a "dependent" child as one "whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." The appellant argues that her previous involvement with men who were domestically violent to her and verbally abusive to her children and her current relationship with Mario Botello do not support a finding of dependency as defined by subsection (C). For the reasons that follow, we disagree.
 {¶ 17} The trial court determined that appellant's relationship with Mario Botello was one in which appellant was placing the health and safety of her children and herself at risk considering Botello's past instances of domestic violence. Further, the trial court found that appellant's past domestic situations have had an adverse impact on her children.
 {¶ 18} In particular, the trial court expressed its concern, as do we, for the "serious and remarkable nature of the conduct of three-year-old Dylan while in the care of his mother." The trial court found no other explanation was presented as to how Dylan learned these violent behaviors other than the fact that appellant had been the victim of domestic violence and Dylan had been the victim of verbal abuse.
 {¶ 19} With regard to the children's environment, SDJFS offered the testimony of four case workers who had provided care to appellant and who had an opportunity to observe the home environment as well as appellant's interaction with the children. One of appellant's case workers had visited appellant's home sixteen times between February 7, 2003 and March 11, 2003, the day the complaint was filed. The testimony of these case workers indicated that the children's environment is affecting both Dylan and Makayla. Both children have witnessed their mother become the victim of domestic violence and Dylan has begun to repeat these behaviors, demonstrating, as the trial court stated, "conduct and language that is consistent with and reflects aggressive, demeaning and abusive action toward his mother and sister."
 {¶ 20} In light of this evidence, we find that SDJFS presented clear and convincing evidence that the children's environment warrants the state to assume guardianship, in the interest of the children, pursuant to R.C. 2151.04(C).
 {¶ 21} Accordingly, we do not find the trial court abused its discretion in finding Dylan and Makayla Hurst to be dependent.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgments of the Seneca County Court of Common Pleas, Juvenile Division are hereby affirmed.
Judgments affirmed.
WALTERS and SHAW, JJ., concur.