DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Heather S. ("Heather"), appeals from a judgment of the Wayne County Court of Common Pleas, Juvenile Division, that adjudicated her three minor children to be dependent and placed them under an order of protective supervision of the Wayne County Children Services Board ("CSB"). This Court reverses and remands.
 I. {¶ 2} Heather is the mother of three children, A.C., C.C., and C.S. The father of the children is not a party to this appeal. This case arises from an incident involving an injury to an unrelated infant whom Heather babysat in her home. On the night of November 26, 2002, Heather agreed to baby-sit her neighbor's two children, an infant and a three-year-old, as she had many times in the past. The neighbor, Brandy Fisher, left both children at Heather's home at approximately 8:00 p.m. Several hours later, Heather took the children to Fisher's home because she was concerned about red marks that had appeared on the infant's face. It is not clear when the marks first appeared or what caused them.
 {¶ 3} CSB instituted a complaint as to each of Heather's children, alleging that they were dependent children due to the November 26 injury to the infant. No specific facts were alleged that pertained to Heather's children or their home environment, nor was any evidence of those facts presented at the adjudicatory hearing. The evidence at the hearing focused exclusively on the November 26 injury to the unrelated infant.[1]
 {¶ 4} There were several theories as to how the infant was injured. One theory was that the infant may have been injured in a near car accident that afternoon. Fisher had been driving with the infant in her car earlier that day and had slammed on the brakes to avoid colliding with a truck that pulled out in front of her vehicle. At that time, the infant's safety seat somehow came loose from the seatbelt that secured it to the seat of the car. The safety seat fell forward and the infant may have hit her head on the back of one of the front seats of the car.
 {¶ 5} Heather contended that she did not know what had caused the bruising to the infant's face but she suspected that the infant was inadvertently injured by another child in the house. Heather testified that she had briefly left the infant sleeping on a couch in the living room that night while she went upstairs to respond to the cries of one of her own children who was in his bed. While upstairs, Heather heard two of the children jumping on furniture in the living room where she had left the infant and then she heard the infant crying. When Heather went downstairs, she was able to calm the infant and the infant went back to sleep. When she looked at the infant's face later, she noticed the red marks and contacted Fisher.
 {¶ 6} A final theory, although not developed in any detail, was that Heather herself had injured the infant. After the infant was treated at a hospital in Wooster, Fisher had taken her to Akron Children's Hospital because there were concerns that the bruising may have indicated abuse. None of the experts was able to substantiate allegations that Heather had slapped the infant, however, nor did they rule out Heather's suspicion that the other children may have caused the injury while she was out of the room. Although Heather was initially charged with endangering children, the charge was later dismissed. The sole evidence supporting this theory at the hearing was the testimony of Fisher who recounted a self-serving hearsay statement of her three-year-old daughter, six weeks after the infant's injury, that Heather had slapped the infant.
 {¶ 7} One of the doctors who treated the infant at Akron Children's Hospital testified that the injury to the infant was caused by a broad object because there was no pattern to the bruise. The doctor could not pinpoint any particular instrument, nor did he rule out any of the above theories as the cause of the injury. He did indicate that if the injury had happened during the near car accident, the infant would have had bruising by the time her mother took her to Heather's house. As Fisher indicated that the infant was not bruised at that time, and Heather did not notice the bruising until hours later, the trial court ruled out the near car accident as the cause of the injury.
 {¶ 8} Following the adjudicatory hearing before a magistrate, the magistrate found that Heather's three children were dependent children because she had caused the injury to the infant. The only evidence that Heather had caused the injury, which the magistrate admitted over Heather's objection, was Fisher's testimony that, six weeks after the injury, her three-year-old daughter had started slapping her baby doll and indicated that "Heather beat my baby." Heather's counsel also raised an objection to the magistrate's admission of this evidence, again asserting that it was impermissible hearsay and that the three-year-old declarant was not even competent to testify as a witness. The trial court agreed that the statement should not have been considered. Consequently, without that evidence, there was no evidence to indicate that Heather had caused the infant's injury. Nonetheless, the trial court agreed that Heather's children were dependent children because the infant had been injured while in Heather's care.
 {¶ 9} Heather appeals and raises four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR
"The finding of dependency is against the manifest weight of the evidence."
 {¶ 10} Heather contends (1) that CSB did not present clear and convincing evidence that the infant was injured while at her home and (2) that even if CSB did establish that the infant was injured at her home, that fact, in and of itself, does not establish that her three, unrelated children were dependent children under R.C. 2151.04(C).
 {¶ 11} Because the second prong of Heather's argument is dispositive, this Court will focus its discussion there. For purposes of this discussion, this Court will assume that CSB did present ample evidence to establish that the infant was injured while at Heather's home. The question before this Court is whether that fact, standing alone, is sufficient to establish that Heather's three children were dependent under R.C.2151.04(C). For the reasons that follow, this Court concludes that an adjudication of dependency under R.C. 2151.04(C) was not supported by the mere fact that an unrelated infant was injured while in Heather's care, without further details about the circumstances surrounding the injury or that Heather's three children were otherwise negatively impacted by their home environment.
 {¶ 12} Heather's children were adjudicated dependent pursuant to R.C. 2151.04(C), which defines dependent child as "any child * * * [w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" A finding of dependency under R.C. 2151.04(C) focuses on the condition of the children's home and whether they are receiving proper care and support. In re Bibb (1980),70 Ohio App.2d 117, 120. Dependency must be proven by clear and convincing evidence. R.C. 2151.35.
 {¶ 13} The position of CSB, which the trial court accepted, was that, because the infant was injured at Heather's home while under her care, the same environment in which she cared for her own three children, the environment of Heather's children was "such as to warrant the state, in the interests of the child[ren], in assuming [their] guardianship." See R.C.2151.04(C). Heather challenges this finding because CSB failed to present any evidence about the "condition" or "environment" of her three children other than the sketchy details about the night of November 26 when the unrelated infant was injured.
 {¶ 14} To establish dependency under R.C. 2151.04(C), CSB was required to present evidence of conditions or environmental elements that were adverse to the normal development of the children. See In re Burrell (1979), 58 Ohio St.2d 37, 39. The conduct of the parent is relevant only insofar as it forms a part of the children's environment and it is significant only if it has a detrimental impact on them. Id. "That impact cannot be simply inferred in general, but must be specifically demonstrated in a clear and convincing manner." Id.
 {¶ 15} Although the details surrounding a single incident involving a parent and child may be sufficient to support a finding of dependency under R.C. 2151.04(C), specific details of the event, relating to whether the child at issue was adequately cared for or placed at risk, are necessary to establish that the child's "condition" or "environment" warrants state involvement. See, e.g., In re Payne, 12th Dist. No. CA2001-08-027, 2002-Ohio-2603. There was no such evidence in this case. The adjudicatory hearing focused solely on how the infant may have been injured. CSB presented virtually no evidence about Heather's own children and how they were being cared for. The details about the children causing the infant's injuries were not developed in much detail, for that was presented through Heather's evdience, not the evidence of CSB. There were very few details given as to the location of each of her children during the incident. Although there was a brief statement during the hearing that Heather's family had prior involvement with CSB, no details of that involvement came into evidence.
 {¶ 16} CSB's entire case rested on the injury to the infant. CSB attempted to prove that Heather had abused the infant but, even the trial judge, on review of Heather's objections, noted that CSB did not establish that Heather caused the infant's injury.
 {¶ 17} There are few parents who have not experienced an accidental injury to a child in their homes and most of those injuries do not warrant state intervention. The fact that a child was injured in the home, in and of itself, does not support a finding that the three children living in the home, who were not injured in the incident, were dependent due to their "condition" or "environment." A finding of dependency would require clear and convincing evidence that the circumstances surrounding the injury and/or the environment of the children placed them at risk. As there was no evidence before the trial court that Heather's three children were detrimentally impacted by their "condition" or "environment," the first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR
"[Heather] was denied due process of the law in violation of the 14th amendment to the u.s. constitution, because of the conflict of interest and structural bias inherent in the factfinder's position with respect to the cases, and the court's refusal to acknowledge this problem."
 {¶ 18} Through her second assigned error, Heather contends that the she was denied due process of law because the adjudicatory hearing was held before a magistrate who, according to her, was biased against her. A magistrate is appointed to a particular case by the trial court. See Civ.R. 53(A). "The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." In re Disqualification ofWilson (1996), 77 Ohio St.3d 1250, 1251. There is nothing in the record to indicate that Heather ever filed such a motion, however. Consequently, as she did not properly raise the issue below, this Court need not address it for the first time on appeal. See State v. Awan (1986), 22 Ohio St.3d 120, syllabus. The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"The complaints filed by csb state no direct cause of dependency, reverse the burdens of production and proof under Juv.R. 10 and Juv.R. 29, violate appellant's due process right to a fair hearing on these issues, and are insufficient as a matter of law."
 FOURTH ASSIGNMENT OF ERROR
"The procedures used in this case were fundamentally unfair, in violation of the due process clause of the 14th amendment to the united states constitution, and affecting appellant's rights under Ohio Const. I, § 16."
 {¶ 19} Because this Court reverses and remands the case due to the insufficiency of the evidence supporting the adjudication of dependency, these assigned errors have become moot and need not be addressed. See App.R. 12(A)(1)(c).
 III. {¶ 20} The first assignment of error is sustained, the second assignment of error is overruled and the remaining two assignments of error are not addressed. The judgment of the trial court is reversed and remanded.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
Exceptions.
Slaby, J, Whitmore, J. concur.
[1] Although there was also evidence that the infant had prior, untreated injuries that were discovered when she was treated at the hospital, there was virtually no evidence presented as to the cause of those injuries.