OPINION.
{¶ 1} Appellant Lisa Walling challenges the judgment of the juvenile court adjudicating her then five-year-old son, Cody T. Walling, dependent and committing him to the permanent custody of the Hamilton County Department of Jobs and Family Services ("HCJFS" or "the Agency"). Because there was insufficient evidence to support the trial court's adjudication of dependency, and because the wishes of Cody were never taken into consideration during the dispositional hearing, we reverse.
 FACTS {¶ 2} In April 2001, the juvenile court adjudicated Cody dependent and removed him from his mother's care following her convictions for driving under the influence, child endangering, and leaving the scene of the accident. Cody was later returned to Walling under protective orders. These orders directed Walling to partake in counseling, to submit to weekly urine screens, and to attend Alcoholics Anonymous or Narcotics Anonymous meetings. Due to Walling's alleged failure to comply with these orders, the juvenile court granted interim custody of Cody to HCJFS, and Cody was placed in a foster home. The Agency subsequently filed a complaint claiming that Cody was dependent and moved for permanent custody of him.
 {¶ 3} In June 2004, a juvenile court magistrate conducted adjudication and dispositional hearings. The parties agreed to incorporate testimony and evidence presented during the adjudication hearing into the dispositional hearing. At the adjudication hearing, Dr. Purcell Taylor, a psychologist who had met twice with Walling, testified that she suffered from adjustment disorder, depression, and anxiety. Dr. Taylor, however, could not answer whether these diagnoses would adversely affect Walling's ability to properly care for Cody.
 {¶ 4} Terri Freshley, a supervisor at the Alcoholism Council of Cincinnati, testified that Walling had failed to complete one in-patient treatment program, but that she had successfully completed another. Freshley also stated that Walling had failed a number of urine screens. Freshley offered no testimony regarding Walling's ability to parent Cody.
 {¶ 5} Walling testified as well. She did not contest that she had missed twenty-one of twenty-nine scheduled urine screens, and that she had tested positive for opiates on some of the eight screens that she did submit to. Walling claimed that her positive urine screens were due to the fact that she was taking prescription pain medication following surgery, though she did admit to cocaine use. As far as her relationship with Cody, Walling stated, "I have a bond with my son. He asks me every time [during supervised visits] when am I going home, mom?" Walling further testified that Cody seemed too young to understand what was happening and why he could not return home.
 {¶ 6} Much of the testimony of Julie Smith, Cody's caseworker, revolved around Walling's inability or refusal to comply with the protective orders. Smith spoke briefly about her observations of Cody and Walling when Walling had custody of him, stating, "I mean I agree they're bonded * * *. I've seen them together. They love each other. I don't think anyone would question that, you know, I think she [Walling] does her best to take care of him. When he was at home, I think she did her best to take care of him." Smith thought that Walling was putting Cody at risk by failing to follow through on mental-health and substance-abuse services.
 {¶ 7} At the close of the evidence, the magistrate said that she was taking judicial notice of her August 2003 entry granting HCJFS interim custody of Cody. Based upon this entry and the evidence presented, she adjudicated Cody dependent.
 {¶ 8} Disposition immediately followed. Smith, Cody's caseworker, and Walling testified. Smith stated that she had been to several of Walling's apartments and that all had been satisfactory. She admitted that she had never been to Walling's current home. As far as Walling's employment situation, Smith testified that Walling had been employed "more often than not" during the time that Smith had been monitoring Walling's case. Smith reported that, after a difficult initial adjustment, Cody was doing well in his foster home and that Cody's foster parents had expressed an interest in adopting him. In Smith's opinion, committing Cody to the permanent custody of HCJFS was necessary because "the Agency had attempted to work with mom for a long time and has struggled to help support mom in completing these [mental-health and substance-abuse] services and has been unsuccessful in doing that."
 {¶ 9} Walling indicated at the dispositional hearing that she had a number of family members close by to help her with Cody and that she was planning on getting her own apartment. She also testified that her uncle was interested in assuming permanent custody of Cody.
 {¶ 10} Cody's guardian ad litem ("GAL") submitted a brief report to the court stating that she believed it to be in Cody's best interest to be committed to the permanent custody of HCJFS. The report was silent as to Cody's wishes. And the court did not conduct an in camera interview to determine what Cody's wishes were concerning his placement.
 {¶ 11} Following the dispositional hearing, the magistrate committed Cody to the permanent custody of HCJFS, thereby terminating Walling's parental rights.
 {¶ 12} Walling filed pro se objections to the magistrate's decision. The trial court overruled them, and Walling appealed to this court in the case numbered C-040745. In that case, we reversed and remanded on the basis of ineffective assistance of counsel for the reason that counsel had failed to assist Walling in the filing of objections and had also failed to appear on Walling's behalf at the hearing on these objections. See In reWalling, 1st Dist. No. C-040745, 2005-Ohio-1558. On remand, Walling was afforded the assistance of counsel. She properly filed and properly supported her objections. The juvenile court overruled all objections and affirmed the decision of the magistrate. Walling now appeals from that judgment, asserting seven assignments of error.
 {¶ 13} Before reaching the merits of Walling's arguments, we note that HCJFS and Cody's GAL claim that Walling failed to raise certain assigned errors below and, therefore, has waived appellate review of them. With one exception, Walling presented her arguments to the juvenile court in a pleading entitled "mother's supplemental objections." The only issue not raised by Walling is one pertaining to the holding of In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, which was addressed by the trial court sua sponte at the hearing on Walling's objections. Therefore, we reject the claim of waiver. See Juv.R. 30(E)(3)(d); In re Etter (1998),134 Ohio App.3d 484, 731 N.E.2d 694.
 ADJUDICATION {¶ 14} We first address Walling's third assignment of error. In it, she claims that there was insufficient evidence to support the trial court's judgment adjudicating Cody dependent. We agree.
 {¶ 15} An adjudication of dependency must be supported by clear and convincing evidence. Juv.R. 29(E)(4). "Clear and convincing evidence" is evidence sufficient to produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. See In re Adoption of Holcomb
(1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613, citing Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus. This court "must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." In re Holcomb, supra, at 368,481 N.E.2d 613.
 {¶ 16} In its complaint, HCJFS alleged that Cody was dependent under R.C. 2151.04(B) and (C). R.C. 2151.04(B) defines a dependent child as any child who "lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian." R.C. 2151.04 (C) states that a child is dependent where his "condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship." This court has determined that "a finding of dependency under R.C. 2151.04 must be grounded on whether the children are receiving proper care and support. The focus is on the condition of the children, not the fault of the parents." In re Bibb (1980), 70 Ohio App.2d 117, 120,435 N.E.2d 96. HCJFS did not produce sufficient evidence to demonstrate dependency under either section of the statute.
 {¶ 17} In proving that a child is dependent under R.C.2151.04(B), the evidence must demonstrate not only that the parent had a mental incapacity, but also that the child lacked adequate care because of the mental incapacity. In re Brown
(1989), 60 Ohio App.3d 136, 137-138, 573 N.E.2d 1217;[1]
see, also, In re Miller (Mar. 27, 1995), 12th Dist. No. CA94-06-124; In re Hale (Jan. 14, 1993), 2nd Dist. No. 13316. The magistrate's findings of fact and conclusions of law did not indicate that Cody lacked "adequate care." While Dr. Taylor testified that Walling suffered from an adjustment disorder, depression, and anxiety, he did not state that her mental condition affected her ability to parent Cody. Consequently, the trial court erred by adopting the decision of the magistrate adjudicating Cody dependent under R.C. 2151.04(B).
 {¶ 18} The trial court likewise erred by affirming the decision of the magistrate finding Cody dependent under R.C.2151.04(C). As summarized above, much of HCJFS's case focused on Walling's failure to abide by the protective orders. On appeal, HCJFS and Cody's GAL urge this court to presume harm to Cody because of Walling's failure to abide by these orders. But the Ohio Supreme Court has stated that such harm may not be inferred. See In re Burrell (1979), 58 Ohio St.2d 37, 39, 388 N.E.2d 738. For a determination of dependency under R.C. 2151.04(C), the conduct of a parent is relevant only insofar as that parent's conduct forms a part of the environment of the child at issue. Id. And "[a]s a part of the child's environment such conduct is only significant if it can be demonstrated to have an adverse impact upon the child sufficiently to warrant state intervention. That impact cannot simply be left to inference, but must be specifically demonstrated in a clear and convincing manner." Id. HCJFS presented no evidence demonstrating how Walling's failure to comply with the protective orders was harmful to Cody. While there was clear and convincing evidence that Walling had violated the protective orders, without evidence of some nexus between her failure to abide by the orders and resulting harm to Cody, we can not presume harm. See Burrell, supra; see, also, In reHolzwart, 3rd Dist. Nos. 13-04-32, 13-04-33, 13-04-34, and 13-04-40, 2005-Ohio-1602; In re A.C., 9th Dist. Nos. 03CA0053, 03CA0054, and 03CA0050, 2004-Ohio-3285; In re R.S., 9th Dist. No. 21177, 2003-Ohio-1594; In re Sweat (June 22, 1987), 12th Dist. No. CA86-06-040.
 {¶ 19} In adjudicating Cody dependent, the magistrate took judicial notice of her August 2003 entry. The August 2003 entry, however, contained no findings of fact concerning Cody's environment, aside from the conclusion that Cody was doing "ok" in his mother's home.
 {¶ 20} In sum, because HCJFS failed to demonstrate by clear and convincing evidence that Cody was dependent, we reverse the trial court's judgment affirming the magistrate's adjudication of dependency.
 {¶ 21} While resolution of this assignment is dispositive of Walling's appeal, we also choose to address Walling's fourth and first assignments of error.
 DISPOSITION {¶ 22} In her fourth assignment of error, Walling claims that the magistrate's decision to permanently commit Cody to the custody of HCJFS must be reversed because Cody's wishes were never taken into consideration. In her first assignment of error, Walling asserts that the trial court erred by failing to conduct a hearing to determine if Cody was entitled to independent counsel during the dispositional hearing. Both have merit.
 The GAL's Report did not Include Cody's Wishes {¶ 23} Among other requirements, before a court may terminate parental rights, it must consider the wishes of the child as expressed directly by the child or through the child's GAL, with due regard for the maturity of the child. R.C. 2151.414(D)(2). The magistrate, citing R.C. 2151.414(D)(2), stated in her decision that "[t]he GAL submits a report stating that permanent custody and adoption are in Cody's best interest." This report, however, did not include Cody's wishes. And there was no in camera interview of Cody to determine what his wishes were. On appeal, Cody's GAL cites parts of Walling's testimony as evidence that Cody was too young to be able to express his wishes, and argues therefore that the magistrate did not need to consider them. Testimony by a child's mother does not fulfill the requirements of R.C. 2151.414(D)(2) that a child's wishes be expressed directly by the child or the child's GAL. And Walling's statements were hearsay and were therefore inadmissible for purposes of disposition under Juv.R. 31(I). For these reasons, we sustain Walling's fourth assignment of error.
 Cody's Right to Independent Counsel {¶ 24} The failure to consider Cody's wishes is relevant to the resolution of Walling's first assignment of error as well. Walling argues that the trial court erred by failing to conduct a hearing to determine whether Cody was entitled to independent counsel under In re Williams, 101 Ohio St.3d 398,2004-Ohio-1500, 805 N.E.2d 1110. In In re Williams, the Ohio Supreme Court held that "a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances." Id., syllabus. The "certain circumstances" to which the decision refers are instances where a child's wishes are in conflict with his GAL's recommendation where the GAL is also serving as the child's attorney. If this occurs, the court should, at a minimum, conduct an in-camera, recorded interview with the child, giving due regard to the maturity of the child, in order to determine whether independent counsel is needed. See In re Williams, 11th Dist. Nos. 2003-G-2498, and 2003-G-2499, 2003-Ohio-3550, at ¶ 18, affirmed,101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110. As set forth above, there is no way of knowing what Cody's wishes were. Without knowing Cody's wishes, absent a hearing, the trial court could not determine if independent counsel for Cody was necessary. Thus, the failure to consider Cody's wishes was reversible error in this context as well. See In re Williams,
supra. We sustain Walling's first assignment of error.
 CONCLUSION {¶ 25} For the foregoing reasons, we reverse the judgment of the trial court adjudicating Cody dependent and committing him to the permanent custody of HCJFS, and we hereby dismiss the dependency complaint.
Judgment accordingly.
Hildebrandt, P.J., and Sundermann, J., concur.
[1] This case interprets former R.C. 2151.04(B), which was amended effective August 8, 1996, to substitute the words "adequate care" for "proper care." We find its reasoning to be applicable to the present case.