[Cite as *In re R.S.*, 2023-Ohio-3323.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: R.S.

:      APPEAL NO. C-220654
         TRIAL NO. F22-729Z

:

:

:      *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 20, 2023

*Kimberly Thomas,* for Appellant Mother,

*Raymond T. Faller*, Hamilton County Public Defender, and *Kirsten Pohlman*, Assistant Public Defender, Attorney for the Guardian Ad Litem for R.S.,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Taryn Brown*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services.

**BOCK, Judge.**

{¶1} A few months after mother experienced a mental-health episode, the Hamilton County Department of Job and Family Services ("JFS") sought temporary custody of R.S., asserting that she was a dependent child. The trial court adjudicated R.S. dependent and placed her into JFS's temporary custody. Mother appealed the dependency adjudication. Because we hold that JFS failed to prove that R.S. was dependent by clear and convincing evidence, we reverse the trial court's judgment.

### Relevant Facts and Procedural History

{¶2} In May 2022, JFS filed a complaint to declare R.S. dependent and sought to place her in the agency's temporary custody. At the adjudication hearing, the parties stipulated to the following facts involving mother and R.S.:

- [Mother] is the mother of [R.S.], date of birth 12/28/14. [Father] is the legal father of [R.S.].

- [O]n December 6th, 2021, [Mother] was admitted to UC Hospital after she contacted law enforcement and reported that she had been up for three days straight and was suicidal.

- [Mother] had a presumptive positive test for opiates with a negative range upon her admissions. She disclosed that she used meth, opiates, cocaine in the past and that she had outpatient treatment at crossroads.

- [Mother] was at Glenwood Behavioral. JFS met [Mother] at Glenwood Behavioral. In that meeting, [Mother] asked the caseworker if they * * * said she raped babies out there.

- On December 5th, 2021, [Mother] placed [R.S.] with Maternal Grandmother.

{¶3} Mother informed the court that, although she stipulated to those facts, she did not stipulate to the dependency finding. The parties did not present any evidence other than the stipulated facts. The parties presented arguments regarding whether the stipulated facts constituted dependency.

{¶4} The magistrate adjudicated R.S. dependent. The magistrate acknowledged mother's voluntary placement of the child with maternal grandmother, but found, "While the complaint did not explicitly state that the child was in mother's care at that time, the court can presume that she was at mother's home and in mother's care based on the stipulated fact that, 'On December 5, 2021, [mother] placed [R.S.] with Maternal Grandmother.' "

{¶5} Mother objected to the magistrate's decision. The juvenile court overruled mother's objections and adopted and incorporated the magistrate's decision into its judgment. Mother now appeals, asserting that the trial court erred in finding R.S. dependent.

## I. Law and Analysis

{¶6} A dependency finding must be supported by clear and convincing evidence. Juv.R. 29(E)(4). When a child has been adjudicated abused, neglected, or dependent, the juvenile court has dispositional alternatives available to it, including granting legal custody to a relative or any other person who has filed a petition for legal custody. R.C. 2151.353(A); *In re A.W.*, 1st Dist. Hamilton No. C-140142, 2015-Ohio-489, ¶ 8.

**{¶7}** R.C. 2151.04(B) defines a dependent child as one who "lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, or custodian." Proving dependency under R.C. 2151.04(C) requires the agency to show "evidence of conditions or environmental elements adverse to the normal development of the child." *In re N.J.*, 12th Dist. Warren Nos. CA2016-10-086, CA2016-10-090 and CA2016-10-091, 2017-Ohio-7466, ¶ 25, quoting *In re E.R.*, 9th Dist. Medina No. 05CA0108-M, 2006-Ohio-4816, ¶ 13.

**{¶8}** "[A]ctual harm to a child is not necessary. Rather, circumstances giving rise to a legitimate risk of harm may suffice to support an adjudication of dependency under R.C. 2151.04(C)." *Id.* at ¶ 20. A court may consider a parent's conduct under R.C. 2151.04(C) "solely insofar as that parent's conduct forms a part of the environment of [the] child." *In re Burrell*, 58 Ohio St.2d 37, 39, 388 N.E.2d 738 (1979). Conduct is significant only when it has an adverse impact on the child sufficient to warrant intervention. *Id.* "That impact cannot be simply inferred in general, but must be specifically demonstrated in a clear and convincing manner." *Id.*; *see In re A.V.*, 12th Dist. Warren Nos. CA2021-04-030, CA2021-04-031, CA2021-04-032 and CA2021-04-033, 2021-Ohio-3873, ¶ 28.

Dependency decisions must be based on whether child is receiving care.

**{¶9}** In mother's sole assignment of error, she argues that there was no evidence that R.S. was not receiving proper care when mother was suicidal, and that there is no nexus between mother's psychiatric episode and the care that R.S. was receiving.

**{¶10}** To prove dependency based on mother's mental incapacity, JFS had to produce evidence showing that the mental incapacity caused the child to lack adequate

4

care. *In re K.K.*, 2d Dist. Darke No. 2023-CA-2, 2023-Ohio-2083, ¶ 10, quoting *In re Z.P.*, 5th Dist. Stark No. 2008CA00209, 2009-Ohio-378, ¶ 18. Adequate care refers to the parents ensuring that the child receives food, clothing, and shelter sufficient to ensure the child's health and safety, as well as any specialized services warranted by the child's needs. R.C. 2151.011(B)(1).

**{¶11}** The Supreme Court of Ohio determined, "Given that fault (parental or otherwise) is not an issue in an R.C. 2151.04(A) dependency inquiry, so that the focus is exclusively on the child's situation, a child who is receiving proper care pursuant to an arrangement initiated by the parent with a caregiver is not a dependent child under R.C. 2151.04(A)." *In re Riddle*, 79 Ohio St.3d 259, 263, 680 N.E.2d 1227 (1997). And in a case where a mother left her child with a relative, the Tenth District held that although the mother was not a suitable custodian for the child at the time of the hearing, if "[proper parental] care is being provided by a relative pursuant to an arrangement initiated by the child's parent, then the child is not a neglected child." *In re Reese*, 4 Ohio App.3d 59, 62, 446 N.E.2d 482 (10th Dist.1982).

**{¶12}** Indeed, "[t]he state's interest under [R.C. 2151.04] arises only if there is no one who is meeting the obligations of care, support and custody, which are owed by the parent." *In re Darst*, 117 Ohio App. 374, 379, 192 N.E.2d 287 (10th Dist.1963); *see In re J.S.*, 4th Dist. Athens No. 08CA26, 2009-Ohio-1621, ¶ 15 (trial court's dependency decision was reversed because it was based on father's conduct, not whether grandparent caretakers were providing adequate support).

<u>JFS did not prove R.S. was dependent by clear and convincing evidence.</u>

**{¶13}** The facts stipulated by the parties failed to demonstrate that R.S. lacked adequate care or that her environment was detrimental to her.

5

{¶14} There were no facts suggesting that R.S. suffered any adverse impact because of mother's mental incapacity. Conversely, mother demonstrated that her mental incapacity did not negatively affect her ability to ensure R.S.'s health and physical safety. The stipulations appear to state that mother began her three days of being awake on December 4 because, when she was admitted to the hospital on December 6, she reported that she had been awake for three days. Thus, mother voluntarily took R.S. to grandmother's home on the second day of her being awake. Then the next day, mother sought help by reporting that she was suicidal.

{¶15} The stipulated facts undermine JFS's allegation that R.S. was not receiving proper or adequate care. When she began to break down, mother secured care for her daughter and then sought help for herself. This demonstrated that mother was able and willing to protect her daughter.

{¶16} The court, when acknowledging that mother placed R.S. with grandmother, stated that there was no indication that the arrangement was long term. But it need not be long term. The only facts upon which the dependency adjudication could have been based showed that when mother was undergoing a mental-health crisis, she protected her child by placing her with a suitable caregiver.

<u>JFS failed to show that R.S. suffered adverse impact due to mother's alleged substance abuse.</u>

{¶17} A dependency finding based on a parent's use of an illegal substance, or the abuse of a legal substance, under R.C. 2151.04(C) requires some evidence that the parent's supervision of her children or the environment of her children has been affected in some negative way by the behavior of the parent. *In re R.S.,* 9th Dist. Summit No. 21177, 2003-Ohio-1594, ¶ 20.

6

{¶18} The stipulated facts do not show that mother was using or abusing any opiates or other illicit substances at any relevant time. The stipulation states, "[Mother] had a presumptive positive test for opiates with a negative range upon her admissions. She disclosed that she used meth, opiates, cocaine in the past and that she had outpatient treatment at crossroads." This suggests only that mother had used drugs in the past.

{¶19} And even if mother's drug use was current, JFS bears the burden to show that the drug use negatively affects the child. This court may not presume harm. *In re M.R.*, 1st Dist. Hamilton No. C-190547, 2020-Ohio-3648, ¶ 25.

{¶20} JFS agreed to stipulate to facts, none of which demonstrated any harm or risk of harm to R.S. Instead, they showed that mother chose to place R.S. with a responsible adult when she was undergoing a mental-health crisis.

{¶21} The trial court erred by adjudicating R.S. dependent. We sustain mother's sole assignment of error.

## II. Conclusion

{¶22} JFS failed to prove by clear and convincing evidence that R.S. was dependent. Therefore, we reverse the trial court's judgment adjudicating R.S. dependent and placing R.S. in JFS's temporary custody. We remand this cause for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**WINKLER, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.