OPINION
{¶ 1} Angela Angles appeals a judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, which found her minor daughter Ashley is an abused and dependent child as defined in R.C. 2151.031(D) and R.C. 2151.04 (C). Appellant assigns a single error to the trial court:
 {¶ 2} "I. MUSKINGUM COUNTY CHILDREN'S SERVICE DID NOT PROVE BY CLEAR AND CONVINCING EVIDENCE THAT THE CHILD WAS EITHER DEPENDENT A DEPENDENT CHILD (sic) UNDER R.C. 2151.04(C) OR AN ABUSED CHILD UNDER R.C. 2151.031
(D)."
 {¶ 3} The record indicates the child's father is deceased and appellant had a type of shared-parenting plan with the paternal grandparents, appellees Linda and David Pierce. At the hearing, testimony was presented that in April 2007, appellant mother took the child to Dr. Robert Poirier, who was then the child's family doctor. Mother reported she suspected the child had been sexually abused by her fifteen-year-old cousin while she was in the custody of appellees-grandparents. Dr. Poirier found no physical evidence of sexual abuse, and the child's statements were inconsistent. The doctor also felt mother's behavior was somewhat inappropriate in that instead of reporting the matter to the authorities, she asked that the doctor's records be sent to her attorney. Dr. Poirier's diagnosis was suspicion of sexual abuse based on the history mother had given him, and he referred the matter to Columbus Children's Hospital.
 {¶ 4} Mother also took the child to an emergency room three days after Dr. Poirier examined her. The staff at the emergency room was concerned with the demeanor of both mother and the child's step-father. *Page 3 
 {¶ 5} Appellee Muskingum County Children's Services investigated the complaint and found no indication the child had been abused. Rhonda Hinkle, the investigator for appellee Children's Services, testified that false allegations of sexual abuse are detrimental to the child. A psychologist who examined the child testified most of the child's concerns appeared to be about the step-father, and the child made no accusation of her cousin, the alleged perpetrator of the abuse.
 {¶ 6} The trial court found it would be contrary to the best interest and welfare of the child for her to continue in appellant mother's home. The court found the agency had made reasonable efforts to prevent the child's being placed outside her mother's home, and placement into the legal custody of appellees-paternal grandparents David and Linda Pierce, is in the best interest of the child. The court established supervised visitation for appellant mother, but terminated visitation between the child and the stepfather until further order of the court.
 {¶ 7} Appellant did not request findings of fact and conclusions of law.
 {¶ 8} R.C. 2151.04 (C) defines a dependent child as one whose condition or environment is such as to warrant the state, in the interest of the child, in assuming the child's guardianship. R.C. 2151.031 (D) defines an abused child as one who, because of the acts of his parents, guardian, or custodian, suffers physical or mental injury that harms or threatens to harm the child's health or welfare.
 {¶ 9} A trial court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. R.C. 2151.35. Clear and convincing evidence is that which produces "in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." In Re: Adoption of Holcomb *Page 4 
(1985), 18 Ohio St. 3d 361, 368, 481 N.E. 2d 613, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 120 N.E. 2d 118. When this court reviews an adjudication to determine whether the judgment is supported by clear and convincing evidence, we must determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing degree of proof, In Re: Christian, 4th Dist. No. 04CA10,2004-Ohio-3146, citations deleted.
 {¶ 10} Appellant mother argues the record is devoid of clear and convincing evidence the environment she provided for her child was unsafe, and thus, the court should not have adjudicated the child dependent. Appellant mother further urges the record does not support the child suffered any physical or mental injury that harmed or threatens to harm her health or welfare.
 {¶ 11} We have reviewed the record, and we find the trial court had sufficient, competent and credible evidence from which it could conclude the child was dependent and abused, and could determine the child's best interest lies in placing her with appellees with supervised visitation for appellant.
 {¶ 12} The assignment of error is overruled. *Page 5 
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Delaney, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed. Costs to appellant. *Page 1