DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, George Spears and Nancy Spears, appeal the decision of the Athens County Court of Common Pleas, Juvenile Division, adjudicating their grandson, J.S., a dependant child. Because the trial court made its determination based upon the behavior of the child's father, and not upon the child's care, condition and environment, the trial court's decision is *Page 2 
reversed and the case is remanded for further proceedings consistent with this opinion.
 I. Facts {¶ 2} J.S., approximately seven years old during the events in question, is the biological child of Anthony and Melanie Spears.[1]
During the majority of his life, J.S. has lived in the home of George and Nancy Spears, Anthony Spears' father and step-mother. Though J.S.'s primary residence was the home of George and Nancy, Anthony retained legal custody of the child.
 {¶ 3} A.S., another child of Anthony Spears, is also involved in the proceedings below. A.S. was born in March, 2007 to Anthony and Sarah Jeric. Due to his mother's drug use during pregnancy, A.S. was born addicted to opiates, suffered severe withdraw symptoms, and required weeks of hospital treatment upon birth.
 {¶ 4} On April 17, 2008, Athens County Children Services obtained an ex parte emergency custody order for J.S. and A.S. The next day, Children Services filed a complaint seeking to have J.S. and A.S. adjudicated dependant children. The complaint stated that: 1) Anthony Spears and Sarah Jeric are drug addicts; 2) A.S. has been confined to a *Page 3 
hospital since birth due to complications associated with being born addicted to opiates; 3) Sarah Jeric admitted to using heroin the day before she went into labor with A.S.; 4) Anthony and Sarah are in a methadone maintenance program for drug addicts and had tested positive for cocaine on several occasions; 5) J.S. changed schools on numerous occasions because Anthony and Sarah had been homeless and moved from place to place, and; 6) J.S. had been left in the care of his paternal grandfather (George Spears) who had been indicted on three counts of felony drug possession, which was plea bargained to felony obstructing justice, and George Spears was currently on probation.
 {¶ 5} After holding a hearing on temporary custody, the Athens County Juvenile Court continued the emergency custody order and scheduled an adjudication hearing. On the same day of the custody hearing, Anthony Spears and Sarah Jeric were stopped by police while returning from a methadone clinic in West Virginia. Police found 43 bindles of heroin in the car and $1200 in cash. Subsequent to the emergency custody hearing, George and Nancy Spears, as grandfather and step-grandmother, filed a motion to intervene and a motion for custody of both J.S and A.S.
 {¶ 6} At the adjudication hearing, the trial court heard testimony from witnesses including Sarah Jeric, Anthony Spears, George Spears and *Page 4 
Nancy Spears. After the hearing, the trial court filed its judgment entry delcaring J.S. a dependant child and A.S. an abused, neglected and dependant child. Following the subsequent dispositional hearing, the court granted temporary custody of J.S. and A.S. to Athens County Children Services.
 {¶ 7} The current appeal, by Appellants George and Nancy Spears, solely challenges the trial court's adjudication of J.S. as a dependant child.
 II. Assignment of Error THE TRIAL COURT'S ADJUDICATION OF [J.S.] AS A DEPENDENT CHILD WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE AND THE COURT ABUSED ITS DISCRETION IN FINDING [J.S.] TO BE A DEPENDENT CHILD PURSUANT TO OHIO REVISED CODE SECTION 2151.04.
 III. Standard for Determining Child Dependency {¶ 8} A trial court's adjudication of a child as dependent must be supported by clear and convincing evidence. R.C. 2151.35(A). The Supreme Court of Ohio has defined clear and convincing evidence as: "* * * the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal."In re Haynes (1986), *Page 5 25 Ohio St.3d 101, 103-104, 495 N.E.2d 23; see, also, State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 9} "When an appellate court examines a trial court's judgment to determine whether that judgment is based upon clear and convincing evidence, the reviewing court must `examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof" In re Christian, 4th Dist. No. 04CA10,2004-Ohio-3146, at ¶ 7, quoting Schiebel at 74. And, if the decision of the trial court is supported by some competent, credible evidence which goes to each essential element of the case, an appellate court can not reverse the trial court's judgment. Christian at ¶ 7. "Deference to the trial court on matters of credibility is `crucial' in cases involving children, `where there may be much evident in the parties' demeanor and attitude that does not translate to the record well.'" Id., quotingDavis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260,674 N.E.2d 1159.
 IV. Legal Analysis {¶ 10} R.C. 2151.04 defines a dependent child as one: "(A) Who is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian; (B) Who lacks adequate parental care by reason of the mental or physical condition of the child's parents, *Page 6 
guardian, or custodian; (C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship; (D) To whom both of the following apply: (1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child. (2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 11} In the case sub judice, the trial court adjudicated J.S. a dependant child on the basis of R.C. 2151.04(B). In its judgment entry, the trial court stated the following:
 {¶ 12} "* * * [T]he Court's dependency finding with respect to [J.S.] is based upon R.C. 2151.04(B). The condition of dependency with respect to this child is primarily related to the drug abuse activities of the father, the absence of the biological mother and the "off and on" living arrangements involving the child and the paternal grandparents. Prior to this Court's emergency temporary order of April 17th, [J.S.] appears to have *Page 7 
been in the legal custody of his father. By history, [J.S.] has spent much of his life in residence with his father's side of the family. While the Court is not convinced that living with the grandparents is unacceptable for the child, he is dependent by definition because he lacks adequate parental care due to the absence of his mother and the drug addiction and criminal activities of his father."
 {¶ 13} The trial court's conclusion that J.S. is "dependant by definition" because of the lack of adequate parental care from his father and mother is incorrect. R.C. states that a child is dependant when the child "* * * lacks adequate parental care by reason of the mental or physical condition of the child's parents, guardian, orcustodian." (Emphasis added.) Under Ohio law, for purposes of determining dependency, the biological or legal parents are not the only parties capable of providing support. "* * * [T]he parent's voluntary act of temporarily placing the child with a responsible relative is an indicator of proper parental care, and does not support a finding that the parent is at fault. Therefore, the care furnished by the relative can be imputed to the parent. `In such situations, the state has no interest in assuming guardianship since the obligations of care, custody, and support are being met.'" In re Riddle, 79 Ohio St.3d 259,1997-Ohio-391, *Page 8 680 N.E.2d 1227, at 263, quoting Kurtz Giannelli, Ohio Juvenile Law (1996-1997 Ed.) 42, Section 2.06(D).
 {¶ 14} In the case sub judice, Anthony Spears had legal custody of his son J.S. But, at the time the dependency complaint was filed, J.S. was in the care of his grandfather and grandmother, George and Nancy Spears. In its adjudication judgment entry, the trial court specifically stated that it was not convinced that living with George and Nancy was unacceptable for J.S., yet the crux of a determination of dependency is the child's environment.
 {¶ 15} R.C. 2151.04 does not require a showing of fault on the part of the parents. Instead, it "* * * focuses exclusively on the child's situation to determine whether the child is without proper (or adequate) care or support." Riddle at 262. A parent's conduct may become relevant in a dependency determination to the extent that the conduct is part of the child's environment. In re Ohm, 4th Dist. No. 05CA1, 2005-Ohio-3500, at ¶ 21. But the parent's conduct is only significant if it can be demonstrated to have an adverse impact sufficient to warrant intervention of the state. Id. Accordingly, because the trial court's decision did not rest upon whether George and Nancy Spears were providing adequate support, but instead focused almost exclusively on the conduct of Anthony Spears, and further stated that J.S. was "dependant by definition," the court's decision was error. *Page 9 
 {¶ 16} We stress that our decision does not ultimately decide the issue of J.S.'s dependency. Instead, we simply find that the trial court erred in determining that J.S. was "dependant by definition" under R.C. 2151.04(B) because of the conduct of his parents. Whether or not J.S. was a dependant child at the time the complaint was filed must still be determined upon remand. On remand, the trial court may very well determine that J.S. was not receiving adequate care or support or that another section of R.C. 2151.04 is applicable.
 {¶ 17} In its judgment entry, the trial court made the indefinite statement that it was not convinced that living with George and Nancy Spears was unacceptable for the child. However, because an adjudication of dependency must be based upon the care the child is receiving, the child's condition and the child's environment, this is precisely the determination that must be made. Because the trial court did not make its determination based upon J.S's care, condition and environment, we sustain Appellants' assignment of error and remand the case for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED. *Page 11 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that the Appellants recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J.: Concurs in Judgment and Opinion.
Abele, J.: Dissents with Dissenting Opinion.
[1] Melanie Spears whereabouts are unknown. She is not involved, has made no appearances in the proceedings below, and has had no contact with J.S. since approximately the time of his first birthday. *Page 10