DECISION.
{¶ 1} Defendant-appellant, Antoine Mauldin, appeals the sentences imposed by the Hamilton County Court of Common Pleas in a prosecution for aggravated robbery with a firearm specification, kidnapping, and intimidation of a crime victim. For the following reasons, we vacate the sentences and remand the cause to the trial court for resentencing.
 {¶ 2} In December 2002, Mauldin entered guilty pleas to the offenses and specification. On the scheduled date of sentencing in February 2003, Mauldin's counsel informed the trial court that he had been very ill for an extended period of time and that he could not participate in the sentencing hearing because of his illness. Counsel informed the court that his illness had prevented him from meeting with Mauldin's family and otherwise preparing material for the sentencing hearing. Counsel asked for a continuance on Mauldin's behalf and then asked if he could be seated because he was unable to speak any further.
 {¶ 3} The trial court denied the motion for a continuance, stating that it was the final day of the court's term. The court noted that it had reviewed counsel's written sentencing memorandum. The hearing then continued with no further participation by counsel. Mauldin spoke on his own behalf, and several of his family members also spoke in mitigation.
 {¶ 4} The trial court ultimately sentenced Mauldin to ten years' incarceration for aggravated robbery, ten years for kidnapping, and one year for intimidation, as well as to three years for the firearm specification. The prison terms for aggravated robbery and kidnapping were the maximum terms for each offense. The court ordered the terms for aggravated robbery and kidnapping to be served consecutively.
 {¶ 5} In his first and second assignments of error, Mauldin now argues that the trial court erred in overruling his motion for a continuance and that the trial court's denial of the continuance deprived him of the right to counsel. He argues the assignments together, and we address them in like fashion.
 {¶ 6} In deciding a motion for a continuance, the trial court is to consider the following factors: the length of the requested delay; whether other continuances have been granted; the inconvenience to the litigants, witnesses, opposing counsel, and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant has contributed to the circumstances giving rise to the requested delay; and any other relevant factors.[1] The decision to grant or deny a continuance is within the discretion of the trial court and will not be reversed absent an abuse of that discretion.[2] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the trial court's decision was unreasonable, arbitrary, or unconscionable.[3]
 {¶ 7} In the case at bar, we hold that the denial of the continuance was unreasonable. It was undisputed that Mauldin's counsel was too ill to participate in the proceedings, thus providing a legitimate reason for the requested continuance. Mauldin himself did not contribute to the circumstances giving rise to the request and had not requested other continuances. Moreover, Mauldin had already entered guilty pleas to the offenses, and there was no possibility that a continuance would have hampered the state in prosecuting the crimes. The only purported inconvenience was the fact that the sentencing hearing was scheduled for the final day of the trial court's term. But Crim.R. 25 provides for the reassignment of cases where the trial court is unable, for any reason, to perform.
 {¶ 8} Most importantly, the denial of the continuance effectively forced Mauldin to proceed without counsel at sentencing, a critical stage of the proceedings at which he had the right to representation.[4]
Although the state argues that Mauldin was not prejudiced by the incapacity of counsel because counsel had filed a written memorandum, we find no merit in that argument. In his brief statement to the court, counsel indicated that he had intended to speak with Mauldin's family and to pursue matters that he had not addressed in the memorandum.
 {¶ 9} And while the state notes that Mauldin and his family were permitted to speak at the hearing, their participation cannot be deemed an adequate substitute for the assistance of counsel. Finally, the state argues that a finding of prejudice is precluded by Mauldin's failure to proffer material that would have been submitted had counsel been able to participate. This argument fails because had counsel been healthy enough to make a proffer, he could have simply participated in the hearing without the need for a continuance. Because we hold that the denial of the continuance was unreasonable, we sustain the first and second assignments of error and order that the sentences be vacated.
 {¶ 10} In his third and final assignment of error, Mauldin argues that the trial court did not follow the statutory mandates for imposing maximum, consecutive sentences for the offenses. Our disposition of the first and second assignments of error renders this assignment moot. But we do caution the trial court that, during the pendency of this appeal, the Supreme Court of Ohio decided State v. Comer,[5] which requires a trial court to state, at the sentencing hearing, its findings concerning the imposition of a greater sentence than the minimum for a person who has not served a prior prison term; its findings concerning the imposition of consecutive sentences; and its reasons for imposing consecutive sentences.[6]
 {¶ 11} For the foregoing reasons, the sentences of the trial court are vacated, and the cause is remanded to the trial court for resentencing in accordance with this Decision and law.
Judgment accordingly.
Sundermann, P.J., and DOAN, J., concur.
[1] See State v. Unger (1981), 67 Ohio St.2d 65, 67-68,423 N.E.2d 1078.
[2] Id. at 67, 423 N.E.2d 1078.
[3] State v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
[4] See Mempa v. Rhay (1967), 389 U.S. 128, 136-137,88 S.Ct. 254.
[5] 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
[6] Id., paragraphs one and two of the syllabus.