[Cite as *In re D.D.*, 2019-Ohio-4492.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| IN RE: D.D. | : | APPEAL NO. C-190387 |
|  |  | TRIAL NO. F07-2138Z |
|  | : |  |
|  | : | *O P I N I O N.* |

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 1, 2019

*Jeffrey J. Cutcher*, for Appellant Mother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Gretta M. Herberth,* Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Raymond T. Faller*, Hamilton County Public Defender, and *Kimberly A. Helfrich*, Assistant Public Defender, for Appellee Guardian ad Litem.

**MYERS, Presiding Judge.**

{¶1} Mother has appealed from the Hamilton County Juvenile Court's judgment granting permanent custody of her son D.D. to the Hamilton County Department of Job and Family Services ("HCJFS").

{¶2} Mother does not challenge the sufficiency or the weight of the evidence supporting the trial court's grant of permanent custody, but rather contends that a new permanent-custody trial is necessary due to various errors that she claims occurred in the proceedings below. Finding mother's arguments to be without merit, we affirm the trial court's judgment.

*Independent Counsel*

{¶3} In her first assignment of error, mother argues that the trial court erred by allowing D.D.'s *In re Williams* attorney to withdraw during the initial stages of the proceedings. And she argues in her second assignment of error that the trial court erred by terminating the representation of D.D.'s *In re Williams* attorney after that attorney had been reappointed by the magistrate. As these assignments of error are related, we address them together.

{¶4} At a hearing on September 11, 2018, mother's counsel requested that an *In re Williams* attorney be appointed for D.D. Mother's counsel represented to the magistrate that D.D. wanted to return home, while his guardian ad litem ("GAL") believed that a grant of permanent custody to HCJFS was in D.D.'s best interest. The GAL did not contest mother's request, stating that while D.D. did not want to return home to mother, he had expressed interest in living with a relative. The magistrate issued an order appointing an *In re Williams* attorney for D.D. At a hearing on

October 4, 2018, the *In re Williams* attorney made an oral motion to withdraw from representation of D.D. He informed the magistrate that he had engaged in a detailed conversation with D.D., and that D.D. was very much in favor of permanent custody and wanted the relationship with his mother to be severed. Neither mother, HCJFS, nor the GAL objected, and the magistrate granted the request to withdraw.

{¶5} During a dispositional hearing on November 2, 2018, Melinda Webster, who was D.D.'s social worker at Children's Hospital Medical Center, was asked when testifying if D.D. had expressed any feelings about returning to mother's care. Webster testified that D.D. had expressed concern for his little brother, and had stated that if he returned home, he would take his little brother and run away upon the first disagreement with mother. The magistrate then asked Webster if D.D. had stated that he wanted to go home, and after clarifying that the magistrate was not referring to any specific period of time, Webster answered affirmatively. The magistrate stopped the hearing in progress to appoint an *In re Williams* attorney for D.D. Both HCJFS and the GAL requested that the magistrate reappoint the previous *In re Williams* attorney, with whom D.D. already had a relationship. They also filed a joint objection to the magistrate's decision. The magistrate reappointed the same *In re Williams* attorney for D.D. The attorney then filed a motion for a mistrial, arguing that since D.D. had not been represented at the prior hearing, a new trial was necessary.

{¶6} At a hearing on the objection to the appointment of counsel before the trial court, the *In re Williams* attorney stated that D.D. had completely changed his mind about his desire to return to mother's care, and that D.D. had remained consistent in that desire since changing his mind. HCJFS and the GAL argued that D.D. had only expressed a desire to go home so that he could protect his little

brother, and that D.D., who struggled intellectually and had mental-health issues, had not consistently expressed a desire to return to mother's care. The trial court granted the objection to the magistrate's decision and rejected the appointment of the *In re Williams* attorney.

{¶7} We first consider mother's argument that the trial court erred in allowing the *In re Williams* attorney to withdraw upon an oral motion. Mother contends that the attorney should not have been allowed to withdraw because he did not file a written motion in accordance with Loc.Juv.R. 12(D). Loc.Juv.R. 12(D) provides that an attorney seeking to withdraw as counsel shall file a written motion to withdraw. But it further provides that "[f]or good cause shown, the court may permit an oral motion to withdraw as counsel of record if no party is prejudiced thereby." Loc.Juv.R. 12(D); *In re A.J.O.*, 1st Dist. Hamilton No. C-180680, 2019-Ohio-975, ¶ 28. The *In re Williams* attorney made the oral motion to withdraw after meeting with D.D. and informing the magistrate that D.D. was in favor of permanent custody and wanted to sever his relationship with mother. As no objections were raised to the motion to withdraw, and the record at that time contained no indication that D.D. wanted to return to mother's care, we find that no party was prejudiced by independent counsel's withdrawal from representation based on an oral motion, and that the trial court did not err in so allowing.

{¶8} We next consider mother's argument that the trial court erred by granting the objection filed by HCJFS and the GAL and terminating the magistrate's appointment of the *In re Williams* attorney.

{¶9} Mother first contends that because HCJFS and the GAL had requested that the same *In re Williams* attorney be reappointed, the invited-error doctrine barred them from objecting to that decision. We disagree. Neither HCJFS nor the

4

GAL requested that an *In re Williams* attorney be reappointed. But once the magistrate made the decision that such an attorney was needed, they requested that the same attorney be reappointed because D.D. had already established a relationship with that attorney. They then filed their joint objection within the permitted time frame. The invited-error doctrine has no application to this situation. *See State v. Cephas*, 1st Dist. Hamilton No. C-180105, 2019-Ohio-52, ¶ 24 ("Under the invited-error doctrine, a party cannot take advantage of an error that the party invited or induced the trial court to make.").

{¶**10**} In *In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, syllabus, the Ohio Supreme Court held that "a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances." This court has explained that the "certain circumstances" referred to in *In re Williams* are instances in which the child's custodial wishes conflict with those expressed by the GAL when the GAL is also serving as the child's attorney. *In re Walling*, 1st Dist. Hamilton No. C-050646, 2006-Ohio-810, ¶ 24. When those circumstances arise, the trial court should conduct an in camera interview with the child, while giving due consideration to child's maturity level, to determine whether independent counsel is needed. *Id.*

{¶**11**} D.D. has extreme behavioral issues, suffers from mental-health issues, and is lower-functioning intellectually. The record indicates that the trial court was unable to conduct an in camera interview with D.D. because he was unstable and conducting the in camera would have been unsafe for all involved.

{¶**12**} As to D.D.'s custodial wishes, the GAL at one point represented that D.D. had expressed interest in being placed with a relative, while consistently

maintaining throughout the case that D.D. did not want to return home. And the *In re Williams* attorney had withdrawn in the first instance because D.D.'s wishes aligned with the GAL's. The social worker's testimony did not establish that D.D. desired to return to mother's care or that his wishes were in conflict with the GAL's. She testified that D.D. had expressed a desire to protect his younger brother if he returned home. And she stated that, at some point in time, D.D. had expressed a desire to go home, but she gave no indication as to when he had so indicated. D.D. did express to his *In re Williams* attorney, upon that attorney's second appointment, that he wanted to return home to mother. But the record clearly indicates that he had not consistently expressed that desire throughout the case.

{¶13} On these facts, the trial court did not err in granting the objection filed by HCJFS and the GAL and in determining that independent counsel was not necessary.

{¶14} Mother's first and second assignments of error are overruled.

### *Alleged Cumulative Error*

{¶15} In her third assignment of error, mother argues that cumulative errors prevented her and D.D. from receiving a fair trial.

{¶16} Mother first argues that HCJFS's complaint for permanent custody was defective. The complaint filed by HCJFS alleged that Nathaniel Lee was the father of D.D, although both Nathaniel Lee and "John Doe" were served with notice of the complaint by publication.[1] After D.D. was adjudicated neglected and dependent, it was revealed that DNA test results established that Lee was not D.D.'s father. Mother did not identify any other potential fathers for D.D. The magistrate

---

[1] "John Doe" was not named in the complaint, but was served by publication.

gave HCJFS an opportunity to amend the complaint, but it declined to do so. Mother now argues that it was error not to have named John Doe in the complaint, and that D.D. was deprived of the opportunity to have his father come forward. We hold that because she has not demonstrated any prejudice to herself, mother does not have standing to raise this argument.

{¶17} In *In re A.M.*, 9th Dist. Summit No. 26141, 2012-Ohio-1024, the court considered an argument raised by the mother in a permanent-custody action that service had not been properly obtained on the alleged fathers of her child or on John Doe. It held that mother could only challenge an alleged service error on a non-appealing party where she demonstrated that she herself was prejudiced by the error. *Id.* at ¶ 13. Where mother offered no evidence that custody was likely to have been awarded to either of the alleged fathers or to John Doe, she lacked standing to challenge the service on those parties. *Id.* at ¶ 18-19. The court further held that mother's argument that the failure to properly serve the alleged fathers affected her residual parenting rights did not establish standing because the argument was entirely speculative and failed to establish actual prejudice to mother. *Id.* at ¶ 21.

{¶18} Although this case involves the failure to name the correct father in the complaint, rather than obtain service on the alleged father, we find the Ninth District's reasoning persuasive. On the circumstances of this case, where John Doe was served with notice of the complaint despite not being named, and where mother has not identified any other potential fathers of D.D., we hold that mother has failed to establish any prejudice to herself and has no standing to challenge the complaint's failure to name John Doe.

{¶19} And even if mother had established standing, she waived her argument by failing to timely raise it below. Juv.R. 22(D) provides that defenses or objections

based on defects in the complaint or in the institution of the proceedings must be raised prior to the adjudicatory hearing. Juv.R. 22(D)(1) and (2); *In re Dukes*, 81 Ohio App.3d 145, 150, 610 N.E.2d 513 (9th Dist.1991); *In re K.A.D.*, 8th Dist. Cuyahoga No. 102228, 2015-Ohio-2408, ¶ 24. Mother did not raise any objection to the failure to name John Doe in the complaint until well after D.D. was adjudicated dependent and neglected, and consequently has waived the argument.

{¶20} Mother next argues that it was error to deny her request for a continuance when she could not appear at the hearing scheduled for October 16, 2018. We are not persuaded. The parties had appeared at an adjudicatory hearing before the magistrate on October 12, 2018. At the close of the hearing, D.D. was adjudicated neglected and dependent, and all parties acknowledged that the case would be continued until October 16. On the 16th, mother's counsel appeared and requested a continuance, which the magistrate denied. Where mother had agreed to the date of the hearing just four days earlier, where the remaining parties were ready to proceed, and where counsel was present to represent mother's interests, we find no abuse of discretion in the magistrate's denial of mother's requested continuance. *See State v. Mauldin*, 1st Dist. Hamilton No. C-030158, 2003-Ohio-6505, ¶ 6.

{¶21} Under her cumulative-error argument, mother last alleges error in the trial court's removal of D.D.'s *In re Williams* attorney. But we rejected this argument in our resolution of the first and second assignments of error. Having found no error, cumulative or otherwise, in the arguments raised by mother, we overrule her third assignment of error.

{¶22} The judgment of the trial court is accordingly affirmed.

Judgment affirmed.

8

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.