**[Cite as *In re D.V.*, 2022-Ohio-4602.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.V. AND J.A. | : | APPEAL NO. C-220423 |
| | | TRIAL NO. F17-2227z |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 21, 2022

*Christopher P. Kapsal* for Appellant Mother,

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Patsy Bradbury*, Assistant Prosecuting Attorney, for Appellee Hamilton County Department of Job and Family Services,

*Kimberly V. Thomas*, Guardian Ad Litem for the minor children.

**WINKLER, Judge**.

{¶1} Appellant mother appeals from the decision of the Hamilton County Juvenile Court granting permanent custody of her two children, D.V. and J.A., to the Hamilton County Department of Job and Family Services ("HCJFS") after a previous remand from this court. We find no merit in her three assignments of error, and we affirm the juvenile court's judgment.

{¶2} The juvenile court originally granted permanent custody of the two children to HCJFS on October 28, 2021. Both mother and D.V.'s father appealed that decision. In *In re D.V.*, 1st Dist. Hamilton Nos. C-210580 and C-210624, 2022-Ohio-1024, we affirmed the juvenile court's decision as to D.V.'s father. But we reversed it in part as to the termination of mother's parental rights. We held that the juvenile court had failed to consider the children's wishes as required by R.C. 2151.414(D)(1)(b). Consequently, we remanded the cause to the juvenile court to consider that factor. We declined to address mother's remaining assignments of error.

{¶3} On remand, mother filed a motion for an in camera interview with both children. She also asked the court to determine if the appointment of an attorney for one or both children would be appropriate under *In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110.

{¶4} The guardian ad litem ("GAL") filed an "Updated PC Report" for J.A., who was then nine years old. She stated that when she had spoken with J.A. on April 13, 2022, he did not mention his wishes regarding placement, but he brought up having a sibling visit. On April 26, 2022, she had a subsequent discussion with J.A. and his foster mother. His foster mother stated that "he had only started talking about 'missing' his mother in the last few weeks." J.A. confirmed that he had started to miss his mother and wished that he could speak with her on the phone. He later indicated that he wanted to live with his mother. When the GAL asked him why he had "changed his mind from what he had previously indicated," he stated that he did not think that

his mother was still involved with D.V.'s father. He said he would feel safe with his mother if she was no longer with D.V.'s father. J.A. stated that he missed his brother every day and that made him sad. He was happy to have sibling visits. Finally, he had stated that he would be "okay" speaking with the judge in camera.

{¶5} The court held a brief hearing. It indicated that it had reviewed the GAL's updated report for J.A. The court then asked if D.V. was too young to express his wishes, and the GAL said that he was. When the court asked if anyone had anything to add, none of the parties said that they did. The court took the matter under advisement and said that it would issue a decision as to whether to interview J.A. in camera and whether it should appoint an *In re Williams* attorney.

{¶6} In its subsequent entry, the juvenile court stated that it was adopting "the same Findings of Fact in all regards other than the Children's wishes." It discussed the GAL's updated report. It found, "After considering [J.A.'s] wishes, the Court determines that the best interests of the children are served by a grant of permanent custody of the children to HCJFS," due to mother's "lack of protective capacity for her children." The court adopted the magistrate's previous decision and granted HCJFS's motion for permanent custody. This appeal followed.

{¶7} In her first assignment of error, mother contends that the juvenile court erred in granting permanent custody to HCJFS when it failed to conduct an in camera interview with J.A. and to appoint him independent counsel. She argues that because J.A. had indicated that his wishes conflicted with the GAL's recommendation of permanent custody, the court should have at a minimum, conducted an in camera interview to determine the need for independent counsel. This assignment of error is not well taken.

{¶8} Under R.C. 2151.414(D)(1)(b), when determining the child's best interest, the juvenile court must consider "[t]he wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the

maturity of the child." In the previous appeal, we noted that the juvenile court had stated, "[T]he wishes of the children were not expressed to the court." We held that that statement showed the court had failed to consider the children's wishes, which was reversible error. *In re D.V.*, 1st Dist. Hamilton Nos. C-210580 and C-210624, 2022-Ohio-1024, at ¶ 21. We stated that the record "must reflect some investigation into the child's wishes. 'A trial court ordinarily errs if it completely fails to address a child's wishes.' " *Id.* at ¶ 21, quoting *In re S.M.*, 4th Dist. Highland No. 14CA4, 2014-Ohio-2961, ¶ 32.

{¶9} In *In re Williams*, the Ohio Supreme Court held that a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to the proceeding and is entitled to independent counsel in certain circumstances. *In re Williams*, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, at syllabus. Those circumstances occur when the child's wishes conflict with the GAL's recommendation. *In re D.D.*, 1st Dist. Hamilton No. C-190387, 2019-Ohio-4492, ¶ 10; *In re Walling*, 1st Dist. Hamilton No. C-050646, 2006-Ohio-810, ¶ 24. When those circumstances arise, the trial court should conduct an in camera interview with the child, giving due consideration to the child's maturity level, to determine whether independent counsel is needed. *In re D.D.* at ¶ 10; *In re Walling* at ¶ 24.

{¶10} On remand, the juvenile court conducted an investigation into the children's wishes. The GAL had recommended that the court grant permanent custody of the children to HCJFS. The court determined that D.V. was too young to express his wishes, and all the parties agreed. J.A. never expressed a consistent desire to live with his mother. He had recently stated that he missed his mother and would feel safe living with her if she was no longer with D.V.'s father. Thus, his desire to live with his mother was conditioned on whether mother was still involved with D.V.'s father. Mother has continued to maintain her relationship with D.V.'s father despite repeated incidents of domestic violence, and she has failed to protect her children.

4

{¶11} Because J.A'.s wishes were not in conflict with the GAL's recommendation, the juvenile court did not err in failing to appoint independent counsel for J.A. *See In re D.D.* at ¶ 12-13; *In re A.J.O.*, 1st Dist. Hamilton No. C-180680, 2019-Ohio-975, ¶ 33-34; *In re Graham*, 167 Ohio App.3d 284, 2006-Ohio-3170, 854 N.E.2d 1126, ¶ 33-39. Further, it did not abuse its discretion in failing to conduct an in camera interview. The trial court has discretion to accept the testimony of the GAL about the child's wishes rather than hearing a direct expression of those wishes made by the child. *In re C.F.*, 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 56. Consequently, we overrule mother's first assignment of error.

{¶12} In her second assignment of error, mother contends that the juvenile court erred in finding that permanent custody was in the children's best interest when the wishes of D.V., the younger child, were not considered. This assignment of error is not well taken.

{¶13} At the time of the hearing, D.V. was four years old. Although in her motion, mother had asked that D.V. be included in the in camera interview, she did not object to the court's determination that D.V. was too young to express his wishes. The court specifically asked all the parties if they had something to add, and mother's counsel said, "No." Consequently, she forfeited all but plain error. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20-21. Further, there was no evidence to refute the court's statement that D.V. was too young to express his wishes or that D.V. had ever expressed that he wished to live with his mother contrary to the GAL's recommendation.

{¶14} The juvenile court properly considers the GAL's recommendation as part of the R.C. 2151.414(D)(1)(b) analysis where the children are too young to express their wishes. *In re B/K Children*, 1st Dist. Hamilton No. C-190681, 2020-Ohio-1095, ¶ 45. When a child lacks the maturity to express his or her wishes and nothing else otherwise indicates that the child's wishes conflict with the guardian ad litem, an

attorney need not be appointed to represent the child. *In re Qu.W.*, 11th Dist. Ashtabula No. 2015-A-0016, 2015-Ohio-2202, ¶ 61; *In re L.W.*, 9th Dist. Summit Nos. 26861 and 26871, 2013-Ohio-5556, ¶ 20. Further, when a child is unable to express a position for an attorney to advocate for a particular course of action, any error in not appointing an attorney would be harmless since the GAL is already advocating what is in the child's best interest. *In re T.J.,* 2d Dist. Montgomery No. 23032, 2009-Ohio-1290, ¶ 10. Consequently, the trial court properly considered D.V.'s wishes as conveyed by the GAL, and we overrule mother's second assignment of error.

{¶15} In her third assignment of error, mother contends that the juvenile court erred in finding that granting permanent custody of the children to HCJFS was in their best interest. She argues that the court's judgment was not supported by sufficient evidence and that it was against the manifest weight of the evidence. This assignment of error is not well taken.

{¶16} R.C. 2151.414(B) provides that the juvenile court may grant permanent custody of a child to a public children services agency if it finds by clear and convincing evidence that (1) permanent custody is in the child's best interest and (2) one of the conditions in R.C. 2151.414(B)(1)(a) through (e) applies. The record shows by clear and convincing evidence that the children had been in the custody of HCJFS for more than 12 months of a consecutive 22-month period. Therefore, the condition in R.C. 2151.414(B)(1)(d) was met. *See In re J.R.*, 1st Dist. Hamilton No. C-190342, 2019-Ohio-3500. ¶ 26-29; *In re J.G.S.*, 1st Dist. Hamilton Nos. C-180611 and C-180619, 2019-Ohio-802, ¶ 34-37. We need not determine whether any of the other conditions apply. *See In re B/K Children*, 1st Dist. Hamilton No. C-190681, 2020-Ohio-1095, at ¶ 31, fn. 2; *In re J.R.* at ¶ 29.

{¶17} The only issue remaining was whether granting permanent custody of the children to HCJFS was in their best interest. *See In re J.G.S.* at ¶ 38. The record shows that once the trial court had considered the children's wishes, it had considered

all the relevant factors. *See In re M., R., & H. Children*, 1st Dist. Hamilton No. C-170008, 2017-Ohio-1431, ¶ 23 and 25.

**{¶18}** Clear and convincing evidence supported the trial court's determination that granting permanent custody was in the children's best interest. Therefore, the evidence was sufficient to support an award of custody to HCJFS. *See In re D.V.*, 1st Dist. Hamilton Nos. C-210580 and C-210624, 2022-Ohio-1024, at ¶ 26-27; *In re J.G.S.* at ¶ 40; *In re A.B.*, 1st Dist. Hamilton Nos. C-150307 and C-150310, 2015-Ohio-3247, ¶ 15.

**{¶19}** Further, after reviewing the record we cannot hold that the trial court lost its way and created such a manifest miscarriage of justice that we must reverse the judgment and order a new trial. Therefore, the judgment was not against the manifest weight of the evidence. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12; *In re D.V.* at ¶ 32. We overrule mother's third assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.