[Cite as *In re R.C.*, 2023-Ohio-146.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:


     R.C.

JUDGES:
Hon. Earle E. Wise, Jr., P.J.
Hon. John W., Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2022CA0015

O P I N I O N


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Juvenile Division, Case No. 20223002


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      January 18, 2023


APPEARANCES:

For Appellant Father

BRIAN W. BENBOW
BENBOW LAW OFFICES LLC
265 Sunrise Center Drive
Zanesville, Ohio 43701

For Appellee Coshocton JFS

FREDERICK A. SEALOVER
725 Pine Street
Coshocton, Ohio 43812

*Wise, John, J.*

{¶1}   Appellant M.C. appeals the decision of the Coshocton County Court of Common Pleas, Juvenile Division, which found R.C. to be a dependent and neglected child and granted R.C.'s grandparents temporary custody of R.C. The following facts give rise to this appeal.

## FACTS AND PROCEDURAL HISTORY

{¶2}   Appellant is the father of R.C., and K.T. is the mother of R.C.

{¶3}   On January 12, 2022, the Agency filed a complaint in the Court of Common Pleas of Coshocton County Juvenile Division alleging that R.C. was an abused and dependent child. R.C. was fifteen-years old when the complaint was filed.

{¶4}   On February 2, 2022, following an arraignment and hearing, R.C. was placed in the temporary custody of his grandparents.

{¶5}   On April 6, 2022, the trial court held an adjudicatory hearing.

{¶6}   At the adjudicatory hearing, Deanna Lanham testified she was an intake caseworker at the Agency. On November 4, 2021, Ms. Lanham received a report that R.C.'s step-mother called R.C. a "little bitch" and threatened to make him wear "girl clothes" to school if he did not stop crying. Ms. Lanham made R.C. run laps around the house as punishment.

{¶7}   After speaking with Appellant, Ms. Lanham completed a home visit on November 8, 2021. R.C.'s step-mother admitted to calling R.C. a "bitch."

{¶8}   On November 11, 2021, the Agency received a report that R.C. had hit his step-mother.

{¶9}   On November 12, 2021, the magistrate ordered R.C. to have no contact with his stepmother. He was placed in juvenile detention for a week. Upon discharge he was placed with his paternal grandparents, A.C. and P.C. Both parents agreed for R.C. being placed with his paternal grandparents after discharge.

{¶10} Next, Parole Officer Kyle Myers testified R.C.'s stepmother lives with Appellant. The magistrate ordered R.C. to have no contact with his stepmother, making it impossible to place R.C. with Appellant. R.C. could not be placed with his mother, as she has a small child at home that could not be around domestic violence.

{¶11} On April 15, 2022, the trial court also found R.C. to be a dependent child pursuant to R.C. §2151.04(A)(C). The trial court ordered temporary custody to A.C. and P.C.

### ASSIGNMENT OF ERROR

{¶12} Thereafter, Appellant timely filed her notice of appeal and raises the following three Assignments of Error:

{¶13} "I. THE TRIAL COURT COMMITTED PREJUDIAL [sic] ERROR BY INFRINGING UPON FATHER'S CONSTITUTIONAL RIGHT TO RAISE HIS CHILD WITHOUT EVIDENCE JUSTIFYING SUCH ACTIONS DEPRIVING THIS RIGHT.

{¶14} THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING R.C. TO BE A DEPENDENT CHILD UNDER R.C. 2151.04(A)(C) WHEN FATHER COMMITTED NO ACTS OF ABUSE OR NEGLECT WHATSOEVER AND WHEN THE CHILD COMMITTED DELINQUENT ACTS AGAINST THE STEPMOTHER. THE TRIAL COURT'S ADJUDICATION ACCORDINGLY LACKED FACTUAL SUPPORT AS REQUIRED BY R.C. 2151.28(L). THE TRIAL COURT CONSEQUENTLY LACKED

JURISDICTION TO FIND THE CHILD A DEPENDENT CHILD BASED UPON INSUFFICIENT EVIDENCE IN THE RECORD.

**{¶15}** "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FINDING R.C. TO BE A DEPENDENT CHILD UNDER R.C. 2151.04(A)(C) WHEN FATHER COMMITTED NO ACTS OF ABUSE OR NEGLECT WHATSOEVER AND WHEN THE CHILD COMMITTED DELINQUENT ACTS AGAINST THE STEPMOTHER FOR WHICH HE WAS PREVIOUSLY ADJUDICATED DELINQUENT AND SUBJECT TO EXISTING TRIAL COURT ORDERS. THE TRIAL COURT FURTHER LACKED JURISDICTION BECAUSE THERE WAS NO ACTUAL CONTROVERSY BEFORE THE TRIAL [COURT] IN THAT ORDERS WERE ALREADY IN PLACE IN THE CHILD'S DELINQUENCY PROCEEDING. THE TRIAL COURT'S ACTIONS WERE THUS TAKEN IN VIOLATION OF SECTION 2, ARTICLE III, OF THE UNITED STATE [sic] CONSTITUTION AND THE GENERAL NOTION OF JUDICIAL RESTRAINT.

**{¶16}** "III. THE RECORD DEMONSTRATES THAT THE MOVING PARTY FAILED TO DEMONSTRATE THAT IT MADE REASONABLE EFFORTS TO PREVENT THE REMOVAL OF THE CHILD FROM THE CHILD'S HOME FOR THE CHILD TO RETURN SAFELY HOME. THE TRIAL COURT THEREFORE COMMITTED PREJUDICIAL ERROR BY NOT ORDERING THE CHILD TO BE RETURNED HOME."

**I.**

**{¶17}** In Appellant's first Assignment of Error, Appellant argues there was insufficient evidence in the record to find R.C. dependent. We disagree.

**{¶18}** "The state bears the burden of proof of establishing that a child is abused, neglected, or dependent." *Matter of: L.H.*, 12th Dist. Warren No. CA2018-09-106, 2019-

Ohio-2383, ¶20. "The Ohio Supreme Court has defined 'clear and convincing evidence' as '[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established.'" *Matter of J.B.*, 5th Dist. Stark Nos. 2022CA00086, 2022CA00087, 2022CA00088, 2022-Ohio-3895, ¶22, quoting *In re Estate of Haynes*, 25 Ohio St.3d 101, 104, 495 N.E.2d 23 (1986).

**{¶19}** Pursuant to R.C. §2151.04(A), a dependent child is one "[w]ho is homeless or destitute or without adequate parental care, through no fault of the child's parents, guardian, or custodian. Also, pursuant to R.C. §2151.04(C), a dependent child is one "[w]hose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship[.]" A finding pursuant to R.C. §2151.04(C) does not require parental or custodial fault. The focus is on the child's condition and whether the child is a victim, regardless whom the responsible party is. *In re R.P.*, 9th Dist. Summit No. 26836, 2013-Ohio-5728, ¶19. "The conduct of the parent is relevant only insofar as it forms a part of the child's environment and it is significant only if it has a detrimental impact on [him]." *In re A.C., C.C., and C.S.*, 9th Dist. Wayne Nos. 03CA0053, 03CA0054, and 03CA0055, 2004-Ohio-3248, ¶14.

**{¶20}** The Agency presented evidence that the relationship between R.C. and his step-mother deteriorated to the point where R.C. engaged in two separate incidents of domestic violence against his stepmother and had to be placed in juvenile detention. A no contact order with R.C.'s stepmother was placed into effect following the second domestic violence incident. Following R.C.'s release from his second placement in juvenile detention, the caseworker and probation officer testified placing R.C. at Appellant's home where his stepmother lives would be detrimental to R.C. Furthermore,

R.C. is unable to reside at Appellant's home without violating the no-contact order with his stepmother.

**{¶21}** Based on the forgoing, the trial court's finding that R.C. is a dependent child pursuant to R.C. §2151.04(C) is supported by sufficient evidence.

**{¶22}** Appellant's first Assignment of Error is overruled.

**II.**

**{¶23}** In Appellant's second assignment of error, Appellant summarily argues the trial court did not have jurisdiction to hear this matter because a delinquency order was in effect. We disagree.

**{¶24}** Appellant has the burden of demonstrating an error on appeal. *See*, App.R. 16(A)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." *State v. Untied*, 5th Dist. Muskingum No. CT2006-0005, 2007-Ohio-1804, ¶141, quoting *State v. Taylor*, 9th Dist. Medina No. 2783-M, 1999 WL 61619 (Feb.9, 1999). *See, also*, App.R. 16(A)(7).

**{¶25}** "If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *State v. Romy*, 5th Dist. Stark No. 2020 CA 00066, 2021-Ohio-501, 168 N.E.3d 86, ¶35, citing *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, ¶14. Therefore, we may disregard assignments of error Appellant presented for review since he failed to identify in the record the error on which the assignment of error is based and any supporting legal authority. App.R. 12(A)(2).

**{¶26}** Appellants have not supported their general argument with citations to the record. Furthermore, Appellant's argument fails to cite statutes, case law, rules of

evidence, rules of civil procedure, or learned treatises, and apply the legal authority to the facts of the case. Consequently, we find that Appellant has not presented an argument, but relies only upon the assertion of error, and we thus disregard this assignment of error.

**{¶27}** Accordingly, Appellant's second Assignment of Error is overruled.

**III.**

**{¶28}** In Appellant's third Assignment of Error, Appellant argues the Agency failed to make reasonable efforts to return R.C. to his home. We disagree.

**{¶29}** R.C. §2151.419 requires the Agency to make reasonable efforts to reunite parents with their children where the agency has removed the children from the home. "Reasonable efforts means that a children's services agency must act diligently and provide services appropriate to the family's need to prevent the child's removal or as a predicate to reunification." *In re H.M.K.*, 3d Dist. Wyandot Nos. 16-12-15 and 16-12-16, 2013-Ohio-4317, ¶95, quoting *In re D.A.*, 6th Dist. Lucas No. L-11-1197, 2012-Ohio-1104, ¶30. "In determining whether the agency made reasonable efforts [pursuant to R.C. §2151.419(A)(1)] to prevent the removal of the child from the home, the issue is not whether the agency could have done more, but whether it did enough to satisfy the reasonableness standard under the statute." *In re Lewis*, 4th Dist. No. 03CA12, 2003-Ohio-5262, ¶16. "'Reasonable efforts' does not mean all available efforts." *Id.* A "reasonable effort" is "an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage." *In re Weaver*, 79 Ohio App.3d 59, 63, 606 N.E.2d 1011 (12th Dist.1992).

**{¶30}** In the case *sub judice*, the Agency sought placement with R.C.'s mother, who was unable to take custody. Without R.C.'s stepmother voluntarily relocating, R.C.

could not be placed in Appellant's home without violating the trial court's no-contact order. Therefore, the least restrictive out-of-home placement was with R.C.'s paternal grandparents. Appellant summarily states other efforts could be made to place R.C. with Appellant but offers no deeper insight. As such, the Agency used "an honest, purposeful effort, free of malice and the design to defraud or to seek an unconscionable advantage" when placing R.C. *Id.*

{¶31} Appellant's third Assignment of Error is overruled.

{¶32} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division of Coshocton County, Ohio, is hereby affirmed.

By: Wise, John, J.

Wise, Earle, P. J., and

Baldwin, J., concur.

JWW/br 0113